THE STATE OF NEW JERSEY v. THOMAS DUGAN.

Submitted March 26, 1900—Decided June 11, 1900.

When counts in an indictment are joined for offences different, but not positively repugnant, and a general verdict of guilty is rendered, the correct practice is to sentence on the count containing the charge of the highest crime, but the sentence must not exceed that which may lawfully be imposed for such crime.

On error to the Hudson Quarter Sessions.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the state, *James S. Erwin,* prosecutor of the pleas.

For the defendant, *Joseph M. Noonan.*

The opinion of the court was delivered by

VAN SYCKEL, J. The defendant was indicted for assault and battery with intent to kill, and also in a second count for simple assault. There was a general verdict of guilty, and judgment was pronounced against the defendant for the penalty for the higher offence.

There was abundant proof of the defendant's guilt of the offence charged in the first count.

It is alleged for error that upon the general verdict the judgment imposed was not warranted.

Mr. Wharton, in his work on *Criminal Law,* says that the accurate practice in such case is for the jury to find specially on each count, but as this, from carelessness or other causes, is often neglected, it becomes frequently incumbent on the courts to determine what course to take when a general verdict of guilty is rendered on the whole indictment. He states the rule to be:

*First.* When counts are joined for offences different, but not positively repugnant, the practice is to sentence on the count containing the offence of the highest grade.

*Second.* When there is a good count and a bad count, and a general verdict of guilty, a valid judgment can be entered on the verdict, which will be presumed in error to have been entered on the good count.

But it will be error if in such case the sentence exceeds that which could have been entered on the good count. 3 *Whart.,* §§ 3176, 3177, 3178, 3397. This has been recognized as the correct practice by our courts. *Donnelly* v. *State,* 2 *Dutcher* 601; *Stephens* v. *State,* 24 *Vroom* 245.

There is no error in the proceedings below, and the judgment should be affirmed.