THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN VERONA, PLAINTIFF IN ERROR.

Submitted July 7, 1919—Decided November 17, 1919.

1. When the Supreme Court sits as a court of review (on appeal or on *certiorari*, &c.), a proper assignment of error is, that it erred in giving judgment for the successful, instead of the unsuccessful, party, or that it so erred for one or more of the assignments of error or causes for reversal (grounds of appeal in sundry civil cases, reasons in *certiorari* cases) filed in that court and brought up with the record.

2. When a convict is sentenced to a longer term of imprisonment than is provided by law the error may be corrected by the rendition of a proper judgment in the appellate court, or by remand of the case for that purpose to the court before which the conviction was had. *Crimes act, Comp. Stat.*, p. 2867, § 144; *State v. Huggins*, 84 *N. J. L.* 254, followed.

3. A court of review will hear and decide a question which goes to the jurisdiction of the subject-matter, or involves public policy, although not raised in the court below.

On error to the Supreme Court.

For the plaintiff in error, *William R. Wilson*.

For the defendant in error, *Walter L. Helfield, Jr.*, prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. John Verona, the plaintiff in error, was indicted at the October term, 1917, of the Union Oyer and Terminer for larceny and receiving. The case was sent to the Quarter Sessions. The charge in the first count of the indictment is, that on July 30th, 1917, he did steal from the Central railroad of New Jersey four brass journals of the weight of fifty pounds and of the value of $15. The second count charges that on the same day he unlawfully did receive and have the said four brass journals, well knowing the same to have been feloniously stolen, taken and carried away.

Verona was tried and was convicted of larceny and receiving as charged in the indictment; and was sentenced to the state prison for a minimum of two and a maximum of seven years at hard labor, and to pay the costs of prosecution.

The defendant sued out a writ of error to the Supreme Court, where his conviction was affirmed; and the judgment entered thereon in the Supreme Court has been removed by writ of error into this court. The entire record of the proceedings had upon the trial of the defendant was returned into the Supreme Court, and has been brought up here.

On behalf of the defendant, who is plaintiff in error, counsel filed in the Supreme Court sixteen assignments of error, and sixteen causes for reversal under the statute. These assignments and causes are identical; and the same identical assignments and causes were filed in this court. This is an improper method of assigning errors and causes for reversal on the removal of a judgment of the Supreme Court into this court, when the Supreme Court sat as a court of review on appeal or on *certiorari*, &c. A proper assignment would be that the Supreme Court erred in giving judgment for the defendant in error instead of for the plaintiff in error, or that it so erred for one or more of the assignments of error and causes for reversal (grounds of appeal in sundry civil cases, reasons in *certiorari* cases) filed in the Supreme Court and brought up with the record. Even if the grounds taken in the Supreme Court were not mentioned—being in the record reviewed there—they would be arguable here under the objection that the Supreme Court erred in giving judgment against plaintiff in error. Of course, if an appeal were taken from a judgment of the Supreme Court when that tribunal was the court of first instance, then all of the grounds of appeal relied upon would have to be taken to the proceedings in that court, but when first taken to the judgment of the Supreme Court as a court of review (on appeal or on *certiorari*, &c.), the only question is, Did that court err for one or more of the reasons assigned there?

This case was submitted on briefs, and it is argued in the brief for the plaintiff in error that he suffered manifest wrong and injury in the sentence of the court.

It will be recalled that the first count of the indictment charged larceny under the value of $20. This is a misdemeanor. *Crimes act, Comp. Stat., p.* 1792, § 158. And the second count charged receiving stolen goods, knowing them to have been stolen, which is also a misdemeanor. *Ibid.,* § 166. Neither of these sections fixes the penalty for the offence in each denounced, and, therefore, the penalty is that provided (*Ibid.,* § 218), which declares that any person found guilty of a misdemeanor shall be punished by a fine not ex-

ceeding $1,000 or by imprisonment not exceeding three years, or both.

As already remarked, the conviction of the defendant was for larceny and receiving as charged against him, and the sentence of the court was that he be imprisoned for a minimum term of two and a maximum of seven years, with the costs of prosecution, and to stand committed until the costs were paid. The two counts in the indictment are repugnant because a person cannot be guilty of stealing certain property and also of receiving that same property from another who stole it, knowing it to have been so stolen. And even if they were not positively repugnant, the practice is to sentence on one count—the one containing the offence of the highest grade. *State* v. *Dugan*, 65 N. J. L. 65. Here neither was higher than the other, judged by the penalty imposable. Yet the judge imposed a higher penalty than could be legally inflicted for a misdemeanor, and imposed a sentence of imprisonment for the maximum penalty for a high misdemeanor— seven years. *Ibid.*, § 217. This error, however, may be corrected, either in this court or in the court below.

The Criminal Procedure act, section 144, provides that wherever judgment in a criminal case shall be reversed on account of error in the sentence, the court in which such reversal was had may render such judgment as should have been rendered, or may remand the case for that purpose to the court below. *Comp. Stat., p.* 1867. See *State* v. *Huggins*, 84 N. J. L. 254. This question was not raised in the Supreme Court, and while, ordinarily, a court of last resort will not hear a party as to a question not raised below, nevertheless, where it goes to the jurisdiction of the subject-matter, or where a question of public policy is involved, it will. *State* v. *Shupe*, 88 *Id.* 610. It must be perfectly apparent that public policy forbids that a person should be deprived of liberty for a longer term than is provided by the law of the land. Therefore, we will make proper disposition of this question, although a foundation for it was not laid in the trial court and the question was not argued in the intermediate Court of Appeals.

The state's case was proved by testimony which, if believed, and it was, showed that the brass was stolen by John Sebonas, who sold it to the defendant in circumstances which, to say the least, were such as would satisfy a man of ordinary intelligence and caution that it was stolen. The verdict, as above stated, was, that the defendant was guilty as charged in both counts. This is exactly the same as a general verdict of guilty, which amounts to a conviction on all counts, and is sustainable on a single good count.

Under an indictment charging a man in separate counts with separate offences, a general verdict of guilty is to be supported on a count of which the evidence shows the defendant to be guilty. *State* v. *Huggins, supra.* Therefore, the conviction of the defendant is to be sustained for the crime of receiving stolen goods, knowing them to be stolen, as the evidence returned with the record clearly supports the conviction for that offence; and it is not to be reversed unless legal error to the prejudice of the defendant on the merits intervened in some other respect; and it did not.

The Supreme Court discussed these questions: That the indictment was for stealing and receiving brass journals, while the proof showed that they were broken into pieces; the charge of the court concerning guilty knowledge attributable to the defendant; proof of ownership of the stolen goods; the refusal of the trial court to permit an interpreter to be sworn at the request of the defendant, and resolved all against him. The Supreme Court concluded its opinion by asserting that the other matters referred to in defendant's brief, as grounds of reversal, were apparently not considered of sufficient importance by him to merit discussion, and that the court's examination of the case led them to concur in that view. In this we also concur. We have examined all of the grounds for reversal urged by the defendant's counsel in his brief and are of opinion that they are invalid and that the judgment should be affirmed. .

Besides adverting to the proper practice with reference to assigning error on a judgment of the Supreme Court when that tribunal has sat as a Court of Appeals, we have thought

it necessary to discuss only the important question of the sentence, which is raised in this court for the first time. As in the Huggins case, the prosecutor may move this court to render such judgment as should have been rendered, or to remand the case for that purpose to the Union Quarter Sessions, before which the conviction was had. 84 *N. J. L.* (at *p.* 261). In the Huggins case the judgment was affirmed, notwithstanding the error in the sentence. This amounted to an affirmance, with a modification, and that will be the judgment in this case.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 12.

*For reversal*—None.

*For modification*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 12.