## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MOE FRIEDMAN, PLAINTIFF IN ERROR.

Submitted December 11, 1922—Decided March 5, 1923.

On error to the Supreme Court whose *per curiam* is as follows:

"The plaintiff in error, Moe Friedman, was indicted with several others for breaking and entering, larceny, and receiving stolen goods in separate counts. Several of them pleaded guilty, but Friedman and one other went to trial, and both were found guilty 'in manner and form as charged upon this indictment.' Friedman brings up his conviction, both by strict bill of exceptions and under paragraph 136 of the Criminal Procedure act.

"We see no reason for disturbing the judgment.

"The first point made by the plaintiff in error is that the trial judge improperly allowed the state to call in rebuttal a witness in explanation of his testimony on cross-examination when called originally by the state. But the general rule is that what evidence may be admitted on rebutal is a matter of discretion with the trial court and is not reviewable in the absence of gross abuse. *State* v. *Skillman*, 76 *N. J. L.* 464; *State* v. *Fox*, 25 *Id.* 566. And a judgment will not be reversed merely because the trial judge permits the state to call in rebuttal a witness in explanation of his testimony on cross-examination when called originally by the state (which should have been explained on re-direct examination) where, as here, the defendant was not denied the right to reply thereto in sur-rebuttal.

"The next point is that the verdict of guilty of larceny and receiving is void for repugnancy. We think not. An indictment joining counts for larceny and receiving is not improper pleading. *State* v. *Braunstein*, 84 *N. J. L.* 765. A valid judgment can be entered upon a general verdict of guilty on such an indictment *(State* v. *Dugan*, 65 *Id.* 65), and in

such case the proper practice is to sentence on the count for the highest crime. *State* v. *Verona*, 93 *Id.* 389. That appears to have been the course pursued in the present case.

"The next point is that the indictment does not charge the crime of larceny. We think it does. The defendant argues that it does not because there is no allegation that the whiskey was lawfully possessed under the Volstead act. But the answer is that the indictment charges that the whiskey was owned by the person from whose possession it was unlawfully taken, and the Volstead act without more does not deprive the owner of his lawful possession.

"The next point is that the court erroneously charged the jury that the whiskey involved was property. We think there was no error in this charge. The whiskey was contained in bottles and cases, and was property, and under certain circumstances may be possessed and owned even under the Volstead act. The owner may be guilty of a crime by the use he makes of the property, but so long as he makes no unlawful use of it, it remains his property. In this case no unlawful use appeared.

"The next point is that the court erroneously charged the jury that they could convict of larceny on the evidence. Manifestly there is nothing in this point. It seems to be based upon the theory that there was no evidence to show that the value of the whiskey was $3,150, as charged in the indictment. There was proof that the whiskey was worth $600, and, of course, it was not necessary to prove that the value equalled the amount charged in the indictment. ·

"The next point is that the trial judge erroneously charged that any unlawful breaking constitutes breaking and entering, and any unlawful taking constitutes larceny. We think, considering the entire charge, that no injurious error appeared therein in this respect. Under this head the defendant contends that there was no evidence to show any guilty purpose on the part of the defendant; but this clearly is not so. There was abundance of such evidence.

"The next point is that the judge erroneously charged that one who breaks into and enters and takes goods is guilty of

larceny and receiving. But again we think that considering the entire charge there was no injurious error here. Under this head the defendant argues that the jury was misled respecting the essential elements of the crime of receiving stolen goods. However, an examination of the entire charge shows that the judge made it perfectly plain to the jury that to convict on the receiving charge they must find the goods to have been received from a theft with knowledge on the part of the receiver that the goods had been stolen. It seems to us that in the respect now complained of the charge was not erroneously prejudicial to the defendant, but considered as a whole was unduly favorable to him; and of that, of course, he cannot complain.

"The next point is that it was unlawful to impose a sentence at a succeeding term without a continuance. It is true that the verdict was rendered February 10th, 1921, which was in the December term of the court, and the sentence was not imposed until April 28th, 1921, which was in the April term. But it is not error to impose a sentence at a future day to which the final disposition of a case had been adjourned, and the presumption is, from the record before us (nothing appearing to the contrary), that the cause was regularly continued until the final judgment.

"The judgment below will be affirmed."

For the plaintiff in error, *Frank E. Bradner.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The points made for reversal of the judgment are that the trial court erred in charging the jury that the liquor involved was property; in charging that any unlawful breaking constitutes breaking and entering, and unlawful taking constitutes larceny, and in imposing sentence at a succeeding term without any continuance. We are of opinion that the judgment should be affirmed, and on the points now involved are content to adopt the *per curiam* filed in the Supreme

Court.   The other points discussed in that *per curiam* are not argued here, and consequently no opinion need be expressed thereon.

As to the practice of sentencing at a term after the verdict, the prosecutor cites the old case of *State* v. *Aaron*, 4 *N. J. L.* (1 *South.*) 232, 236 as indicating that such practice was fully recognized over a century ago.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   11.

*For reversal*—None.