### THE STATE v. REGINALD WEEKS.

Decided May 21, 1925.

Crimes—Selling Liquor—Plea of Non Vult, and Jail Sentence Imposed—Three Counts in Indictment—Claim That the Plea was on Count for Which the Statute Provided Only a Fine—Plea was to the Indictment as a Whole, and is an Admission of Guilt to Each of the Offenses.

On error to the Atlantic County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the the plaintiff in error, *John C. Reed.*

For the state, *Louis A. Repetto,* prosecutor of the pleas.

PER CURIAM.

The grand jury presented an indictment against the defendant, Weeks, containing three counts, the first of which averred that he unlawfully and willfully sold liquor to certain persons therein named, contrary to the statute in such case made and provided. The next count charged a similar offense, laying the occurrence, however, on a different day. The third count charged the defendant with unlawfully and willfully possessing liquor contrary to the statute. When the case came on to be tried the defendant pleaded *non vult* to the indictment, and thereupon he was sentenced to the county jail for a period of six months.

The defendant now challenges the validity of this sentence upon the ground that it is excessive, for the reason that the statute upon which the indictment is founded (*Pamph. L.* 1922, *p.* 615) only permits the imposition of a fine not exceeding $500 upon a conviction of the offense laid in the third count of the indictment, when such an offense is the

first of which the defendant has been guilty. We find nothing in this cause of reversal. The defendant pleaded *non vult* to the indictment as a whole. Such a plea, in cases where the indictment contains several counts, each charging a separate offense, is an admission of guilt as to each of such offenses; and the correct practice is to sentence on the count containing the charge of the highest offense, unless the several offenses are positively repugnant, and the sentence is valid if it does not exceed that which may lawfully be imposed for such offense. *State* v. *Dugan, 65 N. J. L. 65.* The sentence under review is within the limit fixed by the statute for the commission of the offense charged against the defendant in the first, as well as in the second, count of the indictment; and the three offenses specified in the several counts are not repugnant.

The judgment under review will be affirmed.