THE STATE, DEFENDANT IN ERROR, v. WILLIAM DUN-LAP, PLAINTIFF IN ERROR.

Submitted October 15, 1926—Decided March 3, 1927.

1. Upon the trial of an indictment charging the plaintiff in error and others with breaking and entering a building and stealing certain goods stored therein, it appeared, from the uncontradicted evidence, that plaintiff in error, with two fellow-defendants, the day after the goods were stolen deposited them in a room in a garage which had been rented by two of his fellows three days before; that, subsequently, he and one of his co-defendants, brought to the garage an intending purchaser of the stolen goods, which they showed to him as their property—*Held*, that under the facts recited, the question of the guilt or innocence of the plaintiff in error was for the jury to determine, and not for the court.

2. While the proper practice upon the trial of an indictment containing four counts, each charging a separate but kindred crime, is for the court to instruct the jury that they might convict the defendant on each or any of the counts, and that in case of conviction, the count or counts upon which it is rested should be specified, yet, an instruction that the jury could convict upon any or all counts, while technically erroneous, is harmless, as a general conviction will be sustained if the indictment contain a single good count.

3. While a garage is not specifically named in the sections of the Crimes act, making it criminal to break into certain specified

buildings and to steal property stored therein, it is sufficiently comprehended in the words "or other buildings whatever," contained in the statute.

On error to the Passaic County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff in error, *William A. Kavanagh.*

For the state, *J. Vincent Barnitt,* prosecutor of the pleas, and *James Dunn,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error and four others were tried upon an indictment found by the grand jury of Passaic county, containing five counts, the first of which charged them with breaking and entering by night a building belonging to the Interstate Forwarding Company, with intent to steal and carry away certain goods and chattels therein; the next count charged a breaking and entering by day, with the same intent; the third count charged an entering, without breaking, and the stealing, taking and carrying away of certain goods found therein; the fourth count charged grand larceny, and the fifth count charged the receiving knowingly of stolen goods. The trial resulted in a conviction of the defendants, the jury finding them "guilty of the premises in the within indictment named and specified in manner and form as by the indictment is charged against them." As the result of the conviction, the trial court sentenced the plaintiff in error, William Dunlap, to confinement in the state prison at hard labor for the maximum term of seven years and the minimum term of four years. The present writ of error is sued out by Dunlap alone.

The first ground upon which the plaintiff in error relies for a reversal of the judgment under review is that the trial court erred in refusing to direct a verdict of acquittal. Our examination of the case leads us to the conclusion that there

was no error in this judicial action. The proofs submitted on the part of the state disclosed the following facts: On the night of August 11th, 1924, the garage of the Interstate Forwarding Company, in the town of Clifton, was broken into, and one of its trucks, loaded with cotton goods, was feloniously taken therefrom. These goods were afterwards found in the city of Newark, in a garage owned by a man named Haft. It appeared from the evidence that two days before this occurrence Wilkenfeld and Murphy, two of the defendants convicted on the trial of the indictment, called at Haft's place and rented from him a room in his garage, stating that they desired to store there certain merchandise which they had bought at a bankruptcy sale. The morning after the robbery, Murphy, together with Dunlap, the plaintiff in error, and one Keegan, a co-defendant, came to Haft's garage with a large truck containing the cotton goods stolen from the Interstate Forwarding Company's garage. They unloaded these goods and left them there, Keegan driving the truck away. Shortly after that, and before Dunlap and Murphy had left, Wilkenfeld arrived, and told Haft, in the presence of the other two defendants, that these were the goods which he had previously spoken of and which had been bought at the bankruptcy sale. Some days after this, Wilkenfeld and Dunlap brought to Haft's garage an intending customer, and exhibited the stolen goods to him as their property. No denial of these facts was attempted, the defendants resting without offering any evidence in their own behalf. The mere recital of these facts demonstrates that the question of the guilt or innocence of the defendants of the charges contained in the indictment was one to be determined by a jury and not by the court.

The next ground upon which we are asked to reverse the conviction is that the court erroneously told the jury it could convict the defendants upon any or all of the counts contained in the indictment. The contention is that the court should have charged the jury that they might convict on each or any of the counts, and that, in case there was a conviction, the count or counts upon which it was rested should be specified. This, undoubtedly, is the proper practice. But the

error, in our opinion, was harmless; for a general conviction will be sustained if a single good count is contained in the indictment. *State* v. *Huggins,* 84 *N. J. L.* 254. This being so, the instruction complained of could not have prejudiced the plaintiff in error in maintaining his defense on the merits, and, therefore, under the one hundred and thirty-sixth section of our Criminal Procedure act, will not justify a reversal.

The next contention made before us is that the trial court erred in giving judgment for the state. The argument in support of this contention is that the evidence failed to sustain the indictment, for the reason that breaking into a garage and stealing property stored therein is not made criminal by sections 131, 132 and 133 of our Crimes act, because a garage is not specifically mentioned therein. This contention hardly merits discussion. The statutory provision, after specifying certain buildings the breaking into and entering of which for the purpose of larceny are condemned by the statute, follows the specification by the words "or other building whatever." These words, manifestly, include a garage, as well as all other buildings not specifically mentioned in the statutory provisions referred to.

Lastly, it is argued that the judgment should be reversed because the court erroneously imposed an omnibus sentence upon a general verdict finding the plaintiff in error guilty upon all of the counts set out in the indictment. We consider this contention without merit. The term of imprisonment was that provided for the punishment of the offense specified in each of the counts except the last. As was pointed out in *State* v. *Huggins, supra,* a general verdict upon an indictment containing several counts will be upheld as to the offense described in a single good count; and, consequently, a sentence which would be valid if imposed pursuant to a conviction had upon a single count is equally valid although imposed generally in accordance with the verdict rendered.

The judgment under review will be affirmed.