8 N.J. Super. 64 (1950)
73 A.2d 274
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANN ROGERS, DEFENDANT-APPELLANT. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LILLIAN WALKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 27, 1950.
Decided May 16, 1950.
*67 Before Judges JACOBS, McGEEHAN and EASTWOOD.
Mr. Walter S. Keown argued the cause for appellants.
Mr. Mitchell H. Cohen argued the cause for respondent.
The opinion of the court was delivered by MCGEEHAN, S.J.A.D.
These appeals bring up for review two judgments of conviction entered in the Camden County Court, Criminal Division, after jury verdict; one against Ann Rogers and the other against Lillian Walker.
The indictment against Ann Rogers charged that on January 6, 1948, she "* * * unlawfully did engage in prostitution at 701 Penn Street, Camden, New Jersey, with divers persons * * *." The indictment against Lillian Walker was in three counts and charged (1) that on January 6, 1948, she "unlawfully and willfully did keep, set up, maintain and operate a certain place, to wit, a dwelling house, at premises *68 701 Penn Street, Camden, New Jersey, for the purpose of prostitution, lewdness and assignation * * *"; (2) that on January 6, 1948, she "did knowingly receive certain money without actual and bona fide consideration from the earnings of one, Anna Rogers, who was engaged in prostitution * * *"; and (3) that on January 6, 1948, she "did unlawfully place a certain female, to wit, Anna Rogers, in a house of prostitution, situate and known as 701 Penn Street, Camden, New Jersey, with intent that she, the said Anna Rogers remain and live then and there a life of prostitution * * *." The defendants were tried together and neither took the witness stand. The jury rendered a general verdict of guilty against each defendant. Ann Rogers received "an indefinite sentence to Clinton Reformatory for Women" and Lillian Walker received "an indefinite sentence to Clinton Reformatory for Women, on each of the three counts, sentence to run concurrently."
At the close of the State's case, and at the close of the entire case, motions for judgment of acquittal were made on behalf of both defendants. In the case of Lillian Walker, separate motions were made as to each count in the indictment against her. The defendants argue that the Court erred in refusing to grant the motions. This argument raises only one question; namely, whether upon the evidence as it stood when the motions were made there was a case for the jury. State v. Fay, 127 N.J.L. 77 (Sup. Ct. 1941); State v. Lieberman, 80 N.J.L. 506 (Sup. Ct. 1911); affirmed, 82 N.J.L. 748 (E. & A. 1912). As to the indictment against Ann Rogers and as to the first count of the indictment against Lillian Walker, there was ample evidence requiring the submission of the case to the jury. Without restating the proofs, we are satisfied that these motions were properly denied. However, Walker's motion for judgment of acquittal on the second count of the indictment against her should have been granted, because there was no evidence which would even support an inference that Walker received any money from the earnings of Rogers, as charged. The State admits that the *69 money paid Rogers for engaging in prostitution was still in her possession when she was arrested. The only argument advanced by the State to support the denial of this motion is that, from the evidence adduced, an inference could be drawn that Walker would have shared in the earnings of Rogers at the close of the evening's business if the arrests had not intervened. Assuming that such an inference could be drawn, it would be insufficient to support a conviction under the second count of the indictment, which charges that Walker received certain money. The motion for judgment of acquittal addressed to the third count of the indictment against Walker should have been granted because there was no proof of any kind to support a finding that Walker placed Rogers in the house.
Both defendants argue that the Court erred in admitting, over objection, testimony by the witness Kurz as to facts which occurred prior to the date of the alleged violations upon which the indictments are based. This testimony was admitted solely for the purpose of showing the intent required under the third count of the indictment against Walker, and the Judge instructed the jury as follows:
"I conceive it to be my obligation to charge you that the testimony given by the witness Kurz with respect to his having on prior occasions gone to the house at 701 Penn Street and there, upon the payment of money, having had intercourse with a female who was in the house, is not substantive evidence that on the 6th of January, 1948, the specific crimes charged in these indictments were committed, but it was admitted solely for the purpose of permitting you to determine whether or not there was in the mind of the defendant Lillian Walker the intent that she would have Anna Rogers occupy that house for the purpose of living a life of prostitution. The distinguishing factor then is that that evidence does not point toward the commission of the offense itself but that it is evidence from which you may be, in your own good judgment, entitled to establish the state of mind, the motive, the intent which actuated Lillian Walker in permitting Anna Rogers to occupy that house at 701 Penn Street."
In the absence of any proof as to how Rogers became an inmate of the house, it was error to admit testimony introduced solely for the purpose of showing the intent required in *70 the placing. Cf. State v. Jankowski, 82 N.J.L. 229 (Sup. Ct. 1912); affirmed, 83 N.J.L. 796 (E. & A. 1912). Evidence as to events which occurred prior to the alleged act, for the purpose of proving intent, is admissible only if the act is conceded or if there is evidence from which the jury may find the act to have been done. 2 Wigmore, Evidence, § 302 (3rd ed. 1940). Since this testimony was admitted only for the purpose of proving the intent necessary under the third count, and we have concluded that the conviction of Walker on the third count cannot be supported, it does not appear that either defendant suffered manifest wrong or injury in the admission of this testimony, limited as it was, and its admission does not vitiate the conviction of Rogers or the conviction of Walker on the first count of the indictment against her. Rules 1:2-19, 4:2-6.
The jury rendered a general verdict of guilty against Walker. We have concluded that the conviction of Walker on the first count of the indictment against her was legal, but that the conviction on the second and third counts cannot be supported. Where there are several counts in an indictment, each charging a distinct crime, a general verdict of guilty amounts to a conviction of each separate offense; and even if the verdict cannot be supported as to one or more of the crimes charged, it would be an anomaly and a grave defect of criminal justice if an entire reversal were necessitated because, while conviction on one or more of the counts was legal, there nevertheless had to be a reversal of another or other counts. State v. Huggins, 84 N.J.L. 254 (E. & A. 1913); State v. Verona, 93 N.J.L. 389 (E. & A. 1919). A general verdict of guilty, based on legal evidence, will stand if there be one good count supported by that evidence. State v. Longo, 133 N.J.L. 301 (E. & A. 1945). The conviction of Walker is affirmed as a conviction on the first count of the indictment against her.
The Walker indictment charged a misdemeanor in the first count (R.S. 2:158-2(a)), a high misdemeanor in the second count (R.S. 2:158-8), and a high misdemeanor *71 in the third count (R.S. 2:158-3). Since the sentence under the judgment of conviction of Walker was an indefinite sentence on each of the three counts, sentence to run concurrently, the judgment against Walker must be changed to an indefinite sentence on the first count of the indictment only. See R.S. 30:4-154, as amended L. 1946, c. 312, § 2; R.S. 30:4-155, as amended L. 1946, c. 312, § 3.
The judgment against Ann Rogers is affirmed and the judgment against Lillian Walker, as modified, is affirmed.