33 N.J. Super. 7 (1954)
109 A.2d 17
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL SHELBRICK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1954.
Decided November 4, 1954.
*8 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. John M. Pillsbury, Assistant Prosecutor, argued the cause for the respondent (Mr. J. Victor Carton, Monmouth County Prosecutor).
Mr. Benjamin I. Kantor argued the cause for the appellant (Messrs. Edward Farry, Jr., and J. Franklin Cuttrell, attorneys).
*9 The opinion of the court was delivered by FRANCIS, J.A.D.
Defendant was found guilty "as charged" under an indictment containing six counts alleging breaking and entering with intent to steal, certain larcenies, and receiving stolen goods. Consecutive sentences totaling 18 to 30 years in State Prison were imposed. Subsequently, the sentences on the fourth and fifth counts were vacated and that on the second count was reduced to two to three years. This appeal attacks the validity of the convictions under the third and sixth counts.
The third count charged the defendant with grand larceny, a high misdemeanor, for stealing a "12-gauge shotgun, of the value of $50. * * *."
The statute under which the indictment was returned, N.J.S. 2A:119-2(a) provides:
"Any person who steals any money, goods, chattels or other personal property of another * * * is guilty of a misdemeanor, if the price or value of such property be under $50, and if the price or value thereof be $50 or over such person is guilty of a high misdemeanor."
Defendant contends that his conviction of this offense is illegal because no proof was introduced as to the value of the shotgun. The State concedes the absence of proof of value, but maintains that since the jury found guilt of the theft, the only impropriety was the sentence for a high misdemeanor. It suggests, therefore, that the matter should be corrected by remanding the record to the trial court for imposition of sentence for petit larceny  a misdemeanor.
The difficulty with the State's position is that the error does not go to the sentence alone, as R.R. 1:5-1(c) or 3:7-13 contemplates. The jury found Shelbrick guilty as charged, that is, of grand larceny, and there was no proof to support such a finding.
If we remand for correction or adjustment of sentence, the conviction of the higher offense remains a conviction which has no warrant in the law. The consequences which flow from a high misdemeanor conviction cannot be overlooked. *10 For example, such a record brings the defendant within the scope of the Habitual Criminal Act, N.J.S. 2A:85-8, under which a subsequent conviction for an offense of like character would render him subject to a sentence of double the maximum period to which he would be liable if a first offender.
Under the circumstances the proper remedy appears to be a reversal of the conviction.
The sixth count alleged the crime of receiving stolen goods, namely, certain canned food stuffs valued according to the proof at "roughly $45." There was no indictment for larceny of these goods. It is urged as ground for reversal of the conviction thereof that all of the proof in the case points to the fact that the defendant was the thief and not the receiver.
There is no doubt that a person cannot be guilty of larceny and receiving of the same property. 45 Am. Jur., Receiving Stolen Property, §§ 4, 10. The two offenses may be asserted in separate counts of an indictment (State v. Friedman, 98 N.J.L. 577 (E. & A. 1922)), even though convictions on both counts would be repugnant. State v. Verona, 93 N.J.L. 389 (E. & A. 1919); 45 Am. Jur., Receiving Stolen Property, §§ 2, 13. But where the two offenses are joined and there is a jury question as to whether the defendant is the thief or the receiver, the proper practice is for the court to charge the jury that they should specify the particular offense if a verdict of guilt is found. State v. Dunlap, 103 N.J.L. 209, 211 (Sup. Ct. 1927). If there is no jury question as to one or the other of the counts, presumably that matter will be taken care of by appropriate motion of defense counsel. However, in the absence of such a charge or a request therefor, a general verdict of guilty without specification of counts would not be disturbed so long as there was evidence to support the conviction on one of the counts. State v. Verona, supra; State v. Huggins, 84 N.J.L. 254 (E. & A. 1913).
Since larceny and receiving are separate and inconsistent offenses, obviously the receiver must be some one other *11 than the thief. 2 Burdick, Law of Crime (1946), § 608, p. 436. All of the evidence introduced at the trial tended to demonstrate that if the defendant was guilty it was as the thief and not as the receiver. As already pointed out, he was not indicted as the thief and in this state of the record, the conviction cannot stand.
The judgments on the third and sixth counts are reversed.