40 N.J. Super. 111 (1956)
122 A.2d 245
STATE OF NEW JERSEY, PLAINTIFF,
v.
LOUIS T. QUATRO, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided April 20, 1956.
*112 Mr. Charles V. Webb, Jr. (Mr. C. William Caruso, appearing), for the State of New Jersey.
Mr. Ira A. Levy, for defendant.
WAUGH, J.C.C.
Louis T. Quatro was tried and convicted in the Essex County Court by a jury on October 17, 1952, on nine indictments. Thereafter, he pleaded non vult to an accusation as a third offender. On October 31, 1952, the defendant was sentenced as follows:

*113
Indictment Crime Sentence
 Number Charged Imposed
 291 B.E.L. & R. 10-14 years State Prison
 290 Malic. Burning 10-14 years consec. to No. 291
 254 Poss. Burg. Tools 1-3 years concur. with No. 290
 255 B.E.L. & R. 10-14 years " " " "
 257 B.E.L. & R. 5-7 years " " " "
 289 B.E.L. & R. 2-7 years " " " "
 292 B.E.L. & R. 5-7 years " " " "
 293 B.E.L. & R. 2-7 years " " " "
 256 B. & E. Suspended
 255A Accusation Imposed under Indictment
 (3rd offender) No. 255

The defendant appealed and the Appellate Division held indictment No. 290 (malicious burning) to be defective and reversed the conviction thereunder. All other convictions were affirmed. State v. Quatro, 31 N.J. Super. 51 (App. Div. 1954). The mandate, issued June 4, 1954, recited that,
"* * * the judgment of conviction under the particular indictment identified in this appeal as No. 290 of the said Essex County Court, Law Division, is in all things reversed, set aside and for nothing holden, and the judgments of conviction on the remaining indictments are affirmed without costs; and it is further ordered that * * * the record and proceedings be remitted to the said Essex County Court, Law Division, to be there proceeded with in accordance with the rules and practice relating to that Court, consistent with the opinion of this Court."
The sentencing judge having resigned, the defendant was resentenced by this court on August 9, 1954, as follows:

Indictment Crime Sentence
 Number Charged Imposed
 291 B.E.L. & R. 10-14 years State Prison
 255 B.E.L. & R. 10-14 years concur. with No. 291
 257 B.E.L. & R. 5-7 years consec. to No. 291
 254 Poss. Burg. Tls. 1-3 years concur. with No. 257
 256 B. & E. Suspended
 289 B.E.L. & R. 2-7 years concur. with No. 257
 290 Malicious Burning Set aside
 (legally defective)
 292 B.E.L. & R. 5-7 years concur. with No. 257
 293 B.E.L. & R. 2-7 years concur. with No. 257
 255A Accusation Imposed under Indictment
 (3rd offender) No. 255

*114 The defendant appealed again to the Appellate Division from the sentences as reimposed upon him. The validity of these sentences was affirmed by that tribunal in a decision reported in State v. Quatro, 33 N.J. Super. 333 (App. Div. 1954), for the reasons therein stated, affirmed 18 N.J. 201 (1955).
The defendant, by letter application dated February 7, 1956, questioned the legality of the sentence of 10-14 years imposed on indictment No. 291. His argument was that it was excessive in view of the fact that he was not sentenced on the indictment as a multiple offender and in view of the fact that the maximum sentence which could have been imposed on any one count of the indictment was seven years. (See N.J.S. 2A:85-6.)
The defendant stated in the last paragraph, on page two of his letter of February 7, 1956, that:
"This letter is in no sense an application for the correction of that sentence imposed on Indictment No. 291, for it's merely a letter asking for an `interpretation' as to how I was sentenced on Indictment No. 291. If, however, your Honor cannot meet my request, because of its nature, then may I respectfully request further that counsel be assigned in order that I might bring this matter before the Court and your Honor on my application to correct what appears to be an illegal sentence; or in the alternative, that my letter be referred to the Habeas Corpus Advisory Committee and there for the purpose of having a preliminary review made to determine whether or not there is the existence of reasonable doubt so far as sentence on Indictment No. 291 is concerned."
Counsel was assigned by the court to represent the defendant and the matter was duly heard as a motion to correct an illegal sentence. R.R. 3:7-13. This was done despite counsel's argument that,
"Defendant therefore limits the questions raised herein only to the ambiguity of indictment No. 291. The defendant, further, does not argue that he was illegally sentenced on indictment No. 291; but says to this court that any sentence over a seven-year maximum is void, and respectfully requests this court to so declare." (Defendant's brief, pages 3 and 4)
*115 It will be noted that indictment No. 291 which was consolidated for trial with eight other indictments was in three counts. Count 1 charged breaking and entering with intent to steal; count 2 charged larceny; and count 3 charged receiving. By its verdict the jury found the defendant guilty on each of the nine indictments and he was subsequently sentenced.
In the brief filed in his first appeal to the Appellate Division, defendant argued under Point II that there should have been one single sentence imposed on all of the indictments, citing as authority therefore the cases which hold that where there is but one verdict returned on an indictment of several counts, the practice is to impose a sentence not to exceed the maximum that could have been imposed on the highest count. This argument was found to be without merit by the Appellate Division.
The Appellate Division having found indictment No. 290 to be defective, and having affirmed the sentence imposed on indictment No. 291, this court, in resentencing the defendant, started with the sentence imposed on indictment No. 291, using it as a basis to which other sentences were imposed either consecutively or concurrently. In its determination at that time, and on the present motion, this court considered the question raised by the "Multiple Offenders Act" and came to the conclusion then, and is still of the opinion, that the defendant could not be sentenced as a third offender on more than one indictment. This conclusion was reached from a reading of the statute, N.J.S. 2A:85-9. The defendant having been sentenced as a third offender on indictment No. 255 he could not again be sentenced as a third offender on indictment No. 291.
The next question for consideration is whether or not the sentence on indictment No. 291 can legally exceed a maximum of seven years.
The defendant urges that it may not and that any excess over the seven-year term is void and erroneous, citing in support of this contention State v. Dunlap, 103 N.J.L. 209 *116 (Sup. Ct. 1927); State v. Weeks, 3 N.J. Misc. 561 (Sup. Ct. 1925).
The rules pertaining to sentencing on an indictment containing more than one count are collected in the case of State v. Roleson, 14 N.J. 403 (1954), certiorari denied, Roleson v. State of New Jersey, 347 U.S. 947, 74 S.Ct. 647, 98 L.Ed. 1695. In that case, Justice Heher, speaking for the New Jersey Supreme Court stated, 14 N.J., at pages 409-410:
"It will not be amiss to observe here that if there be several counts in an indictment for offenses different, but not `positively repugnant,' the practice is to sentence on the count charging the offense of the highest grade; and where there is a good count and a bad count, and a general verdict of guilty, a valid judgment can be entered on the verdict, which is presumed to have been entered on the good count. State v. Dugan, 65 N.J.L. 65 (Sup. Ct. 1900), affirmed 65 N.J.L. 684 (E. & A. 1910); State v. Friedman, 98 N.J.L. 577 (E. & A. 1923). A general conviction is sustainable if there be a single good count in the indictment. State v. Huggins, 84 N.J.L. 254 (E. & A. 1913); State v. Dunlap, 103 N.J.L. 209 (Sup. Ct. 1927). And, although the question has evoked controversy, it has been held that an indictment may, by separate counts, charge separate and distinct offenses arising out of the one criminal transaction, each carrying its own penalty. State v. Byra, 128 N.J.L. 429 (Sup. Ct. 1942), affirmed 129 N.J.L. 384 (E. & A. 1943)."
It will thus be seen that there are three categories of cases involving the question of sentencing on indictments of multiple counts. They are:
1. In those cases where the several counts in an indictment are for offenses different, but not positively repugnant, the practice is to sentence on the count charging the highest offense. An example of cases falling within this category is State v. Weeks, supra. In that case, defendant pleaded non vult to a three-count indictment. Count 1 charged selling liquor contrary to the statute. Count 2 charged the same offense, as set forth in count 1, but alleging a different day. Count 3 charged unlawfully and willfully possessing the liquor referred to in count 1. Another example is State v. Dugan, 65 N.J.L. 65 (Sup. Ct. 1900), wherein there was a general verdict of guilty on a two-count indictment, including one count for assault with intent to kill and a second count for simple assault.
2. Those cases in which the indictment contains repugnant counts and in which the sentence is imposed on one count only. An example of this is State v. Verona, 93 N.J.L. 389 (E & A. 1919), in *117 which larceny was charged in one count and receiving was charged in another count of the indictment and there was a general verdict of guilty, as charged. In such case, there can be only one sentence.
3. Those cases in which the indictment sets out by separate counts, separate and distinct offenses, exactly as in the present case even though here two of the counts of this three-count indictment are repugnant to each other. An example of this last category is State v. Byra, 128 N.J.L. 429 (1942), affirmed 129 N.J.L. 384 (E. & A. 1943). In that case, the first count charged breaking and entering at night with intent to steal and the second count charged larceny.
It is to be noted that the form of the verdict, that is, whether it be "guilty as charged," "guilty on each count," or "guilty on each indictment," is not the determining factor in sentencing. Rather, it is the form of the indictment and the offenses charged therein that will determine the sentence or sentences. In the case at hand, the verdict was "we find the defendant Louis Quatro guilty upon each of the nine indictments."
In the case of State v. Shelbrick, 33 N.J. Super. 7 (App. Div. 1954), the court had before it, for its consideration, a six-count indictment on which the defendant was found guilty as charged and consecutive three to five-year sentences were imposed upon each of the separate counts.
The trial court reduced the sentence on count 2 to two to three years and vacated the sentences on counts 4 and 5. On appeal, the Appellate Division reversed the conviction on counts 3 and 6.
An examination of the Appendix in the Shelbrick case indicates that the indictment contained the following counts:
1. Breaking and entering with intent to steal
2. Larceny of $6
3. Larceny of $50 (alleges different owner than the one referred to in count 2)
4. Receiving the item set forth in count 3
5. Receiving property described in count 2 (together with other goods)
6. Receiving certain canned goods.
The question of consecutive sentences on multiple counts in an indictment was not raised in the Appellate Division. *118 However, after the Appellate Court's decision, two consecutive sentences against Shelbrick remained; a two to three-year sentence on count 2 and a three to five-year sentence on count 1. The total of five to eight years thus received by the defendant exceeds by one year the seven-year maximum provided for high misdemeanors by N.J.S. 2A:85-6 and, therefore, exceeds the maximum that could have been imposed on the count charging the highest offense.
In this court's opinion, it is very unlikely that this fact escaped the attention of the learned judge who wrote the opinion for the Appellate Division in the Shelbrick case.
This court, therefore, comes to the conclusion that a total sentence of 10 to 14 years was properly imposed on indictment No. 291.
It may very well be that the sentence imposed on indictment No. 291 offends against the rule which requires that, upon conviction, sentences be imposed separately on each count of a multiple-count indictment specifying a maximum and minimum term as to each. State v. Kaufman, 18 N.J. 75 (1955); State v. Cianci, 18 N.J. 191 (1955). However, this case having twice been before our appellate courts, there was ample opportunity to consider the sentence in question and if there was any doubt as to its validity, it would certainly have been remanded for correction.
This court has followed the mandate of the appellate court as it is required to do and would not feel justified in resentencing this defendant on indictment No. 291, without a remand for that purpose. In re Plainfield-Union Water Co., 14 N.J. 296 (1954).
The court notes that defendant's counsel urges that the cases of State v. Byra, supra, and State v. Compton, 28 N.J. Super. 45 (App. Div. 1954), should be reversed. This court is, of course, bound by the law as it is expounded in those cases unless and until it is modified by the appropriate court.
The motion to correct an illegal sentence is, therefore, denied.