41 N.J. Super. 434 (1956)
125 A.2d 351
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY JOSEPH ROSE, PETITIONER-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 5, 1956.
Decided September 7, 1956.
*435 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Joseph Butt argued the cause for appellant.
Mr. Myron W. Kronisch, Assistant Prosecutor, argued the cause for respondent (Mr. Charles V. Webb, Jr., Essex County Prosecutor).
The opinion of the court was delivered PER CURIAM.
The occurrences constituting the subject matter of this habeas corpus proceeding are disclosed in the thorough opinion rendered by Judge Waugh in the Essex County Court. 40 N.J. Super. 40 (Cty. Ct. 1956). For the reasons therein stated, the writ was discharged by an order dated April 16, 1956. The petitioner appeals.
We are in accord with Judge Waugh's determination that the petitioner failed to establish adequate grounds for his immediate freedom from imprisonment, but whether in the acknowledged circumstances the petitioner is entitled, in the interests of justice, to some remedial redress has concerned us.
Three indictments were presented against the petitioner by the Essex County grand jury, identified as Nos. 1024, 1025 and 1026. Admittedly indictments Nos. 1024 and 1025 each accused the petitioner of the crime of grand larceny and in a separate count charged him with receiving the identical property therein alleged to have been stolen. The petitioner entered unqualified pleas of non vult to each of the three indictments. On each a general sentence of *436 imprisonment was imposed. The terms were from four to seven years on No. 1024, from four to seven years on No. 1025, and from two to three years on No. 1026. The sentences were directed to be served consecutively.
We recognize, as did Judge Waugh, (a) that indictments Nos. 1024 and 1025 were not void for repugnancy, State v. Verona, 93 N.J.L. 389 (E. & A. 1919); State v. Friedman, 98 N.J.L. 577 (E. & A. 1923); State v. Shelbrick, 33 N.J. Super. 7 (App. Div. 1954); (b) that a valid judgment of conviction could have been entered on them upon a general verdict of guilty, State v. Verona, supra; State v. Friedman, supra; and (c) that a plea of non vult is in our law regarded as the equivalent of a conviction, State v. Compton, 28 N.J. Super. 45 (App. Div. 1953). There were, however, circumstances disclosed at the hearing on the writ pertaining to the sentencing of the petitioner that engage our attention.
In State v. Shelbrick, supra, we stated: "There is no doubt that a person cannot be guilty of larceny and receiving of the same property." Except for a prima facie presumption of proper judicial action, it remains uncertain whether the sentences pronounced on indictments Nos. 1024 and 1025 embraced the commission by the petitioner of both of the alleged repugnant offenses. The official records are not definitely informative in that particular and tend rather by their generality to indicate the imposition of a general sentence in each instance in punishment for the offenses alleged.
This characteristic of the sentencing proceedings assumes material significance in that petitioner's attorney was not then present to invite the court's attention to the inconsistent counts. Vide, State v. Verona, supra. The sentencing judge is now deceased.
In the light of the conditions here admittedly existing, we feel impelled to say that if the petitioner in his discretion desires in an appropriate manner to apply for a resentence, his request should be granted. Vide, State v. Kaufman, 18 N.J. 75, 82 (1955). It is noted that the other complaints *437 asserted by the petitioner also relate essentially to the sentencing proceedings.
The judgment under review, however, is affirmed.