44 N.J. Super. 120 (1957)
129 A.2d 741
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LOUIS T. QUATRO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 11, 1957.
Decided March 4, 1957.
*123 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Philip J. Mylod argued the cause for the defendant-appellant (Mr. Ira A. Levy and Mr. Robert J. Jerome, on the brief).
Mr. C. William Caruso argued the cause for the plaintiff-respondent (Mr. Charles V. Webb, Jr., Essex County Prosecutor, attorney).
The opinion of the court was delivered by FREUND, J.A.D.
Louis T. Quatro appeals from an order denying his application for correction of sentence on Indictment No. 291, 1952 term, Essex County Grand Jury. He had been tried on nine indictments containing a total of *124 21 counts, consolidated by consent for trial. The jury foreman announced a general verdict of "guilty upon each of the nine counts" which the court molded to read: "guilty upon each of the nine (9) indictments." Judge Sheehan sentenced the defendant on October 31, 1952 "for a minimum term of ten years and for a maximum term of fourteen years upon Indictment No. 291, charging breaking, entering, larceny and receiving."
Originally, Quatro appealed in forma pauperis from all the judgments of conviction. It was determined that Indictment No. 290, charging maliciously setting fire to a building, was legally defective. The conviction was reversed and the sentence thereon imposed which had been 10 to 14 years, to be served consecutively to the sentence on Indictment No. 291, was set aside; but the judgments on all the other indictments were affirmed. State v. Quatro, 31 N.J. Super. 51 (App. Div. 1954). The latter sentences had all been imposed to be served concurrently with that on Indictment No. 290.
Subsequently, the defendant was resentenced by Judge Waugh of the Essex County Court, Judge Sheehan having resigned, on the judgments of conviction that had been affirmed. The same sentence of 10 to 14 years was imposed on Indictment No. 291. In addition a sentence of five to seven years was imposed on Indictment No. 257, to be served consecutively to the sentence on Indictment No. 291; the other sentences were made concurrent with either the sentence on Indictment No. 291 or Indictment No. 257. The defendant again appealed in forma pauperis, arguing that the trial court "unlawfully sentenced, and changed the legally valid concurrent sentences, to be consecutively served" The Appellate Division held that the trial court had acted consistently with its previous mandate and that the resentencing was entirely fair and correct; that there was no double jeopardy or denial of due process, State v. Quatro, 33 N.J. Super. 333 (App. Div. 1954). On further appeal to the Supreme Court, the judgment was affirmed on the opinion below, 18 N.J. 201 (1955).
*125 On the present appeal only the sentence on Indictment No. 291 is at issue. The defendant questions the validity of the 10-to-14-year general sentence imposed under that indictment, which was in three counts; the first, for breaking and entering; the second, for larceny of money; and the third, for knowingly receiving the money which had been stolen. Each offense is a high misdemeanor, and, if valid, the maximum sentence that could be imposed on each count is seven years. N.J.S. 2A:85-6.
The purpose of the present proceeding is solely to test the validity of the sentence imposed under Indictment No. 291. In the County Court, the sentence was held to be not illegal and the defendant's motion for correction of sentence was denied, State v. Quatro, 40 N.J. Super. 111 (Cty. Ct. 1956). He now appeals.
The defendant's principal contention on this appeal is that the general sentence of 10 to 14 years under Indictment No. 291 is erroneous in that it is greater than the maximum penalty of seven years which could be imposed under any single count of the indictment. We agree. The rule was generally accepted at common law that a consolidated or general sentence, i.e., one which does not specify the punishment imposed under separate counts of an indictment, will not be upheld if it exceeds the maximum term of imprisonment permissible under any single count. 2 Bishop's Criminal Procedure (1913), § 1327, p. 1150; 24 C.J.S., Criminal Law, § 1567(b), p. 39; 15 Am. Jur., Criminal Law, § 451, p. 112. This rule obtains here, for a contrary view would run counter to the recent Supreme Court pronouncement in State v. Cianci, 18 N.J. 191 (1955), certiorari denied 350 U.S. 1000, 76 S.Ct. 555, 100 L.Ed. 864 (1956). There, the court stated that "no legislative grant exists for combining the penalties separately set forth in the * * * acts." Such practice is commonly known as "lumping" and sentences so imposed are ineffective. So here.
We do not agree with defendant's contention that this conclusion requires a declaration of invalidity of that portion of the sentence which is in excess of that permitted *126 under a single count, thereby effecting remission of any penalty for the conviction on the other counts. Defendant cites in support of this result a line of cases of which Ex parte Peeke, 144 F. 1016 (D.C.N.J. 1906), affirmed 153 F. 166, 12 L.R.A., N.S., 314 (3 Cir. 1907) is typical; but see United States v. Lynch, 159 F.2d 198 (7 Cir. 1947); McDonald v. Hudspeth, 129 F.2d 196 (10 Cir. 1942), certiorari denied 317 U.S. 665, 63 S.Ct. 75, 87 L.Ed. 535 (1942), rehearing denied 317 U.S. 709, 63 S.Ct. 157, 87 L.Ed. 565; Myers v. Morgan, 224 F. 413 (8 Cir. 1915). In such a contingency as here presented, the rule to be affirmed and applied by the court should, if possible, serve both the requirement of the Cianci case, supra, that the court weigh and determine separately the punishment to be imposed for each offense, and the consideration that the defendant should not because of a mere technicality escape just punishment for any of the crimes of which he has been convicted. The rule of Ex parte Peeke, supra, fails to meet the second objective mentioned. The solution is to be found in our practice rules. R.R. 1:5-1(c), which stems from the Criminal Procedure Act of 1898 (c. 237, § 144), later R.S. 2:195-23, provides:
"If a judgment of conviction shall be reversed for error in the sentence, the appellate court may render such judgment as should have been rendered, or may remand the cause to the court in which the conviction was had for proper and lawful sentence."
In the present situation, following the rule, the appropriate course is to remand for a proper and lawful sentence by the trial court. As that court is familiar with the defendant's background and past conduct, its judgment and discretion should control as to the punishment to be imposed for each count. State v. Kaufman, 18 N.J. 75, 83 (1955).
Defendant further contends that punishment cannot be imposed for both the counts of larceny and receiving, as they are repugnant in the sense of being inconsistent, and that a resentencing on more than one count of the three counts *127 here involved would be unjust since the general verdict of the jury affords no basis for an assumption that the defendant was found guilty of each of the non-repugnant counts.
The defendant cites State v. Friedman, 98 N.J.L. 577 (E. & A. 1922), which similarly involved an indictment containing separate counts for breaking and entering, larceny and willfully receiving stolen property. The court there stated that where a general verdict of guilty is returned on an indictment containing repugnant counts, such as larceny and receiving, "the proper practice is to sentence on the count for the highest crime." To the same effect see State v. Verona, 93 N.J.L. 389 (E. & A. 1919). As larceny and receiving are clearly repugnant, one cannot be guilty of both, State v. Shelbrick, 33 N.J. Super. 7 (App. Div. 1954) and, hence, we agree that there can be but one sentence imposed. The court in the Friedman case was not confronted, however, with the question as to whether a general verdict of guilty on counts of receiving, larceny, and breaking and entering can support a sentence equal to the combined maximums for two of such counts, the sentence there having been that which could be imposed for a single count. A sentence for breaking and entering can be added, however, to one for either of the other named offenses, as the former, though perpetrated on the same occasion as the others, rests on a criminal act distinct from the larceny and receiving, and, hence, is deemed to be a separate offense. State v. Byra, 128 N.J.L. 429 (Sup. Ct. 1942), affirmed 129 N.J.L. 384 (E. & A. 1943); but see the comments in Bishop, New Criminal Law (9th ed. 1923), § 1062, p. 788-9.
Consequently, though the jury rendered a general verdict, separate penalties may be imposed under the first count and either the second or third. 15 Am. Jur., supra, § 451, p. 111. It has been stated by our courts that "where there are several counts in an indictment, each charging a distinct crime, a general verdict of guilty amounts to a conviction of each separate offense." State v. Huggins, 84 N.J.L. 254, 258 (E. & A. 1912); State v. Rogers, 8 N.J. Super. 64, 70 (App. Div. 1950). This authorizes the imposition *128 of a separate sentence on each count. See State v. Austin, 241 N.C. 548, 85 S.E.2d 924 (Sup. Ct. 1955). If the sentencing court finds that the evidence in the instant case supports the verdict as applied to each of the three counts in the indictment, lawful sentences may be imposed separately on the count for breaking and entering and for either one of the others.
The defendant further argues that the sentencing judge inadvertently imposed a sentence in excess of that intended, but we find no merit in this contention. Moreover, we are confident that no deficiency of this nature will survive resentencing.
In summary, the trial court on resentencing shall determine what sentences should be imposed, including, if it so decides, a sentence not to exceed seven years for either larceny or receiving, and, in addition, a sentence for the separate offense of breaking and entering. Further, it shall specify the minimum and maximum terms imposed under each of these counts, and whether such terms are to run concurrently or consecutively. State v. Kaufman, supra.
We observe that on this appeal three attorneys by assignment of the court represented the defendant. Our study of the appendix, brief and reply brief impressed us with the time and industry devoted to their preparation. We think the attorneys should be commended for their unselfish services in the conduct of this appeal.
The cause is remanded for imposition of sentences under Indictment No. 291. R.R. 1:5-1(c).