STATE OF MAINE *vs.* LEO RHEAUME.

Androscoggin.     Opinion June 15, 1932.

*Harold L. Redding,*
*Harris M. Isaacson,* for the State.
*A. F. Martin,* for respondent.

SITTING: PATTANGALL, C.J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.  The respondent has been convicted of assault with a dangerous weapon with intent to kill. During the deliberations of the jury, one of the jurymen was taken ill, and, by agreement of respondent's counsel and the attorney for the State, a physician was called to attend him, who, after an examination, reported to the court that the juror was able to continue with his duties. The interrogation of the physician by the Court and by counsel for the defense indicates that the juror had a high blood pressure, which resulted in a severe headache and in weakness, and that he had had one dizzy spell during the course of the trial in the afternoon. Without objection being then made he returned to his work, and the deliberations of the jury were resumed. After a verdict of guilty had been recorded, the Court and counsel for the respondent interrogated the juror, who stated that he felt much better, that he had had a bad headache in the afternoon accompanied by a dizzy spell, but that nevertheless at all times during the course of the trial he had been possessed of all his faculties. The defense then filed a motion for a mistrial on the ground that the juror had been unable to hear and comprehend all of the testimony, and that the respondent's constitutional rights had been thereby violated. To the overruling of such motion an exception was taken.

To dispose of this it might perhaps be sufficient to say that the motion should have been made immediately on the discovery of the juror's alleged incapacity. Under such circumstances as these, a party is not permitted to take his chance of a favorable verdict, and then, if it is adverse, interpose an objection to it based on facts which were known to him before it was rendered. *Brown v. Reed*, 81 Me., 158, 16 A., 504; *State v. Bowden*, 71 Me., 89; *Tilton v. Kimball*, 52 Me., 500. But beyond this it may be advisable to point out that such a motion is addressed to the discretion of the presiding Justice. *Commonwealth v. Wong Chung*, 186 Mass., 231; 71 N. E., 292. He is in contact with actual conditions, and peculiarly qualified to render a decision. Unless there is a clear abuse of such discretion, no exceptions lie to his ruling. An examination of the record here discloses that not only was there no abuse of his prerogative by the Justice, but that the motion is without any merit whatsoever.

*Exception overruled.*
*Judgment for the State.*