19 N.J. Super. 510 (1952)
89 A.2d 94
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK LA SALLE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 5, 1952.
Decided May 22, 1952.
*511 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Frank La Salle, pro se.
Mr. Mitchell H. Cohen, Prosecutor of the Pleas of Camden County, counsel for respondent.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The defendant's application for a writ of habeas corpus was granted, hearing was held thereon, *512 and the Mercer County Court dismissed the writ. The defendant appeals.
In 1948, the Camden County grand jury indicted the defendant for the crime of abduction of a named 11-year-old female, in violation of R.S. 2:104-3. The crime charged in this indictment is a misdemeanor. In 1949 defendant was indicted on the charge that he did unlawfully persuade and entice a named child, within the age of 14 years, to leave her named mother, and did unlawfully secrete and conceal the said child contrary to the provisions of R.S. 2:143-1. The crime charged is a high misdemeanor punishable "by imprisonment at hard labor for the term of his natural life, or for such other term of not less than thirty years, as the court shall deem proper."
The defendant, a fugitive from justice, was discovered in California in 1950. A demand for the extradition of the defendant was made by the Governor of New Jersey and a warrant of arrest was issued thereon by the Governor of California. The defendant, at the time, was in the custody of the federal authorities in California on a charge of violation of the White Slave Traffic Act (18 U.S.C.A. § 400). On March 24, 1950, an order was entered in the United States District Court for the Northern District of California, dismissing the federal charge and ordering the United States marshal to surrender the defendant into the custody of the authorities from New Jersey on presentation of a warrant of extradition signed by the Governor of the State of California. Thereafter, the defendant returned to New Jersey with the New Jersey authorities and arrived at the Camden County jail on Sunday, April 2, 1950. On April 3, 1950, he was arraigned on both indictments, pleaded guilty, and was sentenced on the indictment charging a violation of R.S. 2:143-1 to a term of not less than 30 nor more than 35 years in State Prison, and on the indictment charging a violation of R.S. 2:104-3 to a term of not less than two nor more than three years in State Prison, the terms to run concurrently.
*513 The defendant argues that he was denied due process of law for the following reasons: (1) he was given no pretrial conference; (2) he was arraigned and sentenced one day after his arrival in New Jersey; (3) he was arraigned and sentenced on the same day; (4) he was denied counsel; and (5) he was not given a legal hearing in California on the extradition proceedings, but was smuggled out of California by the officials of Camden County.
Pretrial procedure in criminal actions is controlled by Rule 2:10-1. This rule merely permits the court to invite the attorneys to appear before it for a conference. The question whether there should be any pretrial procedure in a criminal case cannot arise until after plea, and then only if the plea is one of not guilty, because if a plea of guilty, non vult, or nolo contendere is made by the defendant, pretrial procedure can serve no useful purpose. The failure of the court to exercise its right to initiate pretrial procedure did not constitute a denial of due process.
Under the circumstances of this case, there was no denial of due process in the arraignment, plea and sentence on the day after defendant's arrival in New Jersey, even though the defendant was not represented by counsel. The Prosecutor of Camden County testified that he fully informed the defendant before the arraignment of his right to be represented by counsel, and informed him that if he could not afford an attorney the court would appoint one for him; that defendant repleid: "I don't need any counsel, I am guilty, and I am willing to go in and plead guilty"; that in answer to a question of when he wished to plead, the defendant stated: "The sooner the better, I want to get it off my chest, and I want my time to commence to run, and I want to avoid this girl any further unfavorable publicity"; and that, upon being informed that the court was in session, he stated he wanted "to get it over with now." Pursuant to the defendant's request, he was brought before the court on Monday, April 3. The stenographic transcript of the proceedings on the arraignment and plea contain the following:
*514 "THE PROSECUTOR: If the Court please, at this time I propose to take pleas from this defendant, Frank La Salle, but before doing so I want the Court to know that I have discussed this case quite at length with this defendant, I have advised him of his right to be represented by counsel, and to have the benefit of the advice of counsel. I have warned him of the seriousness of these charges, and the length of the sentences which these charges impose. Being in Court is not an unfamiliar subject to this defendant and he understands, and he has told me so, the contents of both indictments. He understands the seriousness of them and the sentences, the minimum sentences, which the Court can impose, and he has advised me he does not desire to obtain counsel either on his own or appointed by the Court. I do, however, feel, in order that this defendant may properly understand the situation that it may be best for the Court to repeat to him his rights before I take the pleas.
THE COURT: Mr. La Salle, you have just heard the Prosecutor advise the Court that he has talked to you and explained to you the two indictments that have been returned against you by the Grand Jury of our County, and he has indicated to the Court that you do not desire to be represented by counsel and you desire to proceed in the matter without representation, is that correct?
MR. La SALLE: Yes.
THE COURT: You understand the seriousness of the two indictments that have been returned against you by our Grand Jury?
MR. La SALLE: Yes, sir.
THE COURT: And that they carry with them rather serious sentences?
MR. La SALLE: Yes, sir."
No facts were even alleged, let alone proved, which could support a finding that this defendant was in any way prejudiced by early arraignment, pleas or sentences. Cf. State v. Miller, 16 N.J. Super. 251 (App. Div. 1951); cert. denied sub nom. Miller v. State of New Jersey, 342 U.S. 934, 72 S.Ct. 379, 96 L.Ed. ___ (1952).
It is also clear that the defendant waived counsel. This was not his first experience with criminal proceedings. He admitted a prior conviction for running liquor, for which he served 11 months in the county jail; a conviction in 1943 on a statutory rape charge, for which he was sentenced for a term of two and one-half to five years; and a conviction for receiving money under false pretenses, for which a sentence of one and one-half to three years was imposed. It is apparent from the record that the waiver was made understandingly, *515 intelligently, competently and voluntarily in the exercise of a free choice and with the considered approval of the court. Such a waiver is effective and binding on defendant and is well within due process. See Note, 93 L.Ed. 137 (1950).
We need not consider whether the defendant was given a legal hearing in California on the extradition proceedings. That the defendant was regularly indicted in New Jersey, was within the territorial jurisdiction of our trial court, and regularly pleaded guilty therein under the laws of our State is sufficient; the manner in which he was brought from another jurisdiction cannot impair the jurisdiction of our court and cannot support a claim of deprivation of due process. See Note, 165 A.L.R. 947 (1946).
The judgment is affirmed.