21 N.J. Super. 457 (1952)
91 A.2d 359
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH MULVANEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 8, 1952.
Decided September 29, 1952.
*459 Before Judges McGEEHAN, BIGELOW and SMALLEY.
Mr. Joseph Mulvaney, pro se.
Mr. Harry L. Towe, Deputy Attorney-General of New Jersey, Acting Prosecutor of Bergen County, for the State (Mr. Paul T. Huckin, Deputy Attorney-General, on the brief).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
A complaint was filed in the Criminal Judicial District Court of Bergen County on May 26, 1951, charging Joseph Mulvaney with having committed sodomy, and on the same day he was arrested and committed to the Bergen County Jail. On June 4, 1951, he was arraigned in the Criminal Judicial District Court and pleaded not guilty. The Bergen County grand jury indicted him on September 18, 1951. At his trial in the Bergen County Court on November 5 and 7, 1951, he was represented by counsel assigned by the court, and the jury returned a verdict of guilty. He appeals from the judgment of conviction.
*460 His first contention is that he was denied due process because of the delay of nine days between his arrest and his arraignment. While such a delay between arrest and arraignment, without satisfactory explanation, is a violation of Rule 2:3-3 (a), which requires an officer making an arrest to take the arrested person "without unnecessary delay" before the court or magistrate, it does not of itself constitute a denial of due process which would invalidate the conviction. State v. Miller, 16 N.J. Super. 251 (App. Div. 1951), cert. denied sub nom. Miller v. State of New Jersey, 342 U.S. 934, 72 S.Ct. 379, 96 L.Ed. ___ (1952); cf. State v. Pierce, 4 N.J. 252 (1950).
Next, he claims that the court lost jurisdiction to try and convict him because he was not informed of the nature and cause of the accusation against him. Suffice it to say that he admits in his brief that he did know "what he was being held for" within several days after his arrest, and he does not even claim that he was not fully informed of the nature and cause of the accusation against him at the time of his arraignment on June 4, when he entered his plea of not guilty, and at the time of his trial in November. This claim is frivolous.
The defendant advances three other grounds for reversal, which are all based upon alleged trial errors of such a nature that an appellate court is unable to pass judgment thereon unless the transcript of the proceedings at the trial, or at least a transcript of the particular part of the proceedings in which the claimed error occurred, is included in the record on appeal. It is the obligation of the appellant to supply such a transcript, and here he has failed to do so. Although the State had no transcript, and was under no obligation to furnish any, it ordered from the court reporter and included in its appendix such excerpts from the reporter's notes as it deemed sufficient to expose the falsity of the factual allegations made by this defendant concerning trial occurrences. We are thus enabled to give some consideration to the claimed errors.
*461 The defendant alleges that he was not accorded the privilege of testifying on his own behalf and urges this as a ground for reversal. He makes no reference to any part of the proceedings at the trial to support this allegation, and a complete refutation thereof is found in the excerpt of testimony given by this defendant at the trial which is included in the State's appendix.
Another ground advanced for reversal is that the prosecutor made a certain comment during the trial which "infringed defendant's right to justly prove his innocence." We cannot consider this argument because there is nothing before us by way of record or admission to support the claim that the alleged comment was made, let alone to show that defendant's counsel objected to the comment, moved to strike it out, or requested the court to instruct the jury in relation thereto. State v. Miller, above.
The last argument he advances is that there should be a reversal because counsel assigned to his defense "disregarded the rules in challenging the jury, whereby the defendant's case was passed upon with an intoxicated juror passing judgment." Again the defendant relies on an allegation made by him in his brief, without any support therefor in any part of the record. And again the State supplies, in its appendix, an excerpt from the transcript which refutes the defendant's allegation. This excerpt sets forth:
"At end of charge court said:
The Court: Mr. Eisenstein, did you have something in mind? (Discussion at Side Bar between court and counsel.)
The Court: I have been requested by counsel to ask juror number 5 whether he feels capable of performing his duties as a juror? Are you?
Juror No. 5: Yes, sir.
The Court: I say do you feel capable of performing your duties as a juror?
Juror No. 5: Yes, sir."
Here there is nothing to show any incapacity of a juror; but even if there were, it would not aid the defendant. A party with knowledge of the incapacity of a juror cannot *462 permit such a juror to sit in judgment, without objection, thus taking his chance of a favorable verdict, and then if the verdict is adverse, urge such incapacity as a ground for reversal. State v. Rheaume, 131 Me. 260, 160 A. 877 (Sup. Jud. Ct. 1932); 31 Am. Jur., Jury, § 119. When a party is represented at the trial by an attorney, such attorney has implied authority to enter into stipulations and agreements and make the necessary decisions in all matters of procedure during the progress of the trial which are necessary or incidental to the management of the suit and which affect only the procedure or remedy as distinguished from the cause of action itself; and the party is bound by such acts of his attorney, whether the attorney was retained by him or assigned by the court. State v. Graham, 19 N.J. Super. 70 (App. Div. 1952); 5 Am. Jur., Attorneys at Law, § 91. This defendant was as much bound by the decision of his attorney to permit the juror to sit in judgment, as if he himself had formally consented thereto.
Affirmed.