30 N.J. Super. 196 (1954)
104 A.2d 90
STATE OF NEW JERSEY, PLAINTIFF,
v.
JOHN J. FLOOD, DEFENDANT.
Superior Court of New Jersey, Somerset County Court, Law Division.
Decided March 4, 1954.
*197 Mr. Leon Gerofsky, Prosecutor of Pleas, attorney for the State of New Jersey.
Mr. Seymour Weinblatt, attorney for defendant.
CRANMER, J.C.C.
Application for writ of habeas corpus was referred to this court by the assignment judge and writ was issued. Counsel was assigned and prosecuted the application in a vigorous and commendable manner. The application is very meager, merely stating that the defendant was not represented by nor informed of his right to counsel. By reason of this bare statement, with no factual support, there was considerable doubt concerning the propriety of granting the writ, but due to the multiplicity of appeals from denials of writs where no record is available, it was considered advisable to grant a hearing so that a full record might be available if an appeal be taken. By this method at least one step in the appeal process may be saved.
This is another case where the sworn statement of the application is not borne out by the proof. The record shows *198 that the defendant, upon his being brought before the County Court for arraignment in March of 1950, was fully informed of his rights to be represented and that he signified his desire to plead to the charges preferred, without the benefit of counsel. In July of the same year he was sentenced, at which time the presiding judge again gave him opportunity to speak in his own behalf.
The present record includes the testimony of a stenographer present at the arraignment, which shows that the assistant prosecutor, at that time, in the immediate presence of the presiding judge, in open court and as a part of the arraignment proceedings, undertook the duty of informing the accused of his rights under the rule. Argument is made by defendant's counsel that the rule directing a court to advise a defendant who appears before it, without counsel, of his right to counsel, requires the judge of such court, personally, to pronounce the words which will convey the knowledge intended by such rule to be imparted to the defendant. The rule should not be construed to uphold the defendant's contention. The defendant, in fact, had the benefit of the advice contemplated by the rule, and intelligently and voluntarily waived his right to counsel. State v. Cynkowski, 10 N.J. 571 (1952). The record shows clearly that he knew the charges preferred, at the time of his arraignment in open court, State v. Mulvaney, 21 N.J. Super. 457 (App. Div. 1952); and that his waiver of counsel was given understandingly, intelligently, competently and voluntarily, in the exercise of his free choice. State v. LaSalle, 19 N.J. Super. 510 (App. Div. 1952); La Salle v. Carty, 344 U.S. 844, 73 S.Ct. 60, 97 L.Ed. 657 (1952). The fact that the lips of the judge did not form the words which informed the defendant of his rights should not be construed as depriving the defendant of due process. The dictates of the rule were complied with by an officer of the court in the presence of the presiding judge and under his supervision, and it may not be said that under such circumstances there was no compliance with the rule.
*199 Although the writ was issued on the bare premise of deprivation of due process by reason of the absence of counsel for the defendant, other aspects of the imprisonment were brought before the court and considered. In December 1952 the defendant had made application for correction of illegal sentence, which was granted, and this corrected sentence is now challenged as having been erroneously and illegally pronounced.
Flood had been indicted in the September 1949 term on four counts, the first for having committed on May 6, 1949 an assault with intent to commit carnal abuse on a female child under the age of 16, the second for attempted carnal abuse on the same date and upon the same person, the third for assault and battery on the same date and upon the same person, and the fourth for impairing the morals of a child, on the same date, the child being the same person named in the other three counts. In March 1950, having entered a plea of guilty to all counts, he was committed under chapter 20 of the Laws of 1949 (allocated as N.J.S.A. 2:192-1.4, 1.12 inclusive, since amended) to the Diagnostic Center for physical and mental examination as a sex offender. On July 14, 1950, under section 6 of that enactment, allocated as N.J.S.A. 2:192-1.9, he was committed to the New Jersey State Hospital at Trenton, the institution designated by the Department of Institutions and Agencies, for treatment as a sex offender, for a period not greater than 12 years, which period was the maximum time to which the defendant might have been sentenced under R.S. 2:110-2 for the crime of assault with intent to commit carnal abuse. Such mental and physical examination were apparently invoked on the assumption that the defendant came within the above legislative enactment of 1949, commonly known as the "Sex Offender Law." At the time of the sentence from this court the defendant was undergoing treatment in the New Jersey State Hospital, after transfer by the Commissioner of Institutions and Agencies from the New Jersey State Prison, where as a result of a sex offense he had been sentenced, with a recommendation for psychiatric treatment, by the Atlantic *200 County Court. In August of 1951, after the sentence from this county, he was transferred from the New Jersey State Hospital back to the New Jersey State Prison, to serve the balance of the Atlantic County sentence. On January 16, 1952 he was released from the New Jersey State Prison as having completed the Atlantic County sentence, but he later returned voluntarily to that institution (not to the New Jersey State Hospital) when prison authorities learned of the sentence imposed in July of 1950 by the Somerset County Court. Evidently an administrative oversight as to the Somerset County sentence allowed his release from the New Jersey State Hospital and from the New Jersey State Prison. After this reincarceration the defendant made the above-mentioned application for correction of sentence, as a result of which a judgment was entered by this court providing that the defendant be confined in the New Jersey State Prison for a term of not less than 11 and not more than 12 years, the commencement of said sentence to be as of the time the original sentence was imposed, namely July 14, 1950.
R.R. 3:7-13 provides that an illegal sentence may be corrected at any time. That the 1950 sentence of this County Court was incorrect requires merely a quotation of the statute, L. 1949, c. 20, sec. 1, allocated as R.S. 2:192-1.4.
"1. Whenever a person is convicted of the offense of rape, sodomy, incest, lewdness, indecent exposure, uttering or exposing obscene literature or pictures, indecent communications to females of any nature whatsoever, or carnal abuse or of an attempt to commit any of the aforementioned offenses, the judge shall order a mental examination of such person prior to imposition of sentence.

* * * * * * * *
6. If, however, it appears from the report of such examination that any such person suffers from any form of abnormal mental illness which resulted in the commission of any of the sex offenses enumerated herein, then the judge shall order the commitment of such person to an appropriate institution to be designated by the Department of Institutions and Agencies for a term, the maximum of which shall in no event exceed that provided by law for the crime of which such person was convicted."
*201 The defendant was charged with assault with intent to commit carnal abuse, a crime not covered by the statute under which sentence was pronounced. Irrespective of the general type of crime the Legislature may have intended its enactment to cover, the particular crime with which the defendant was charged was not included within the statute, and judicial construction may not go beyond the unambiguous words of the statute.
The defendant's present argument, notwithstanding his former application for correction of sentence, now is that he was legally sentenced in 1950 to confinement in the State Hospital, and that since his time there was indefinite and since he was released, that he is now entitled to his freedom. Assuming for the moment that he was legally sentenced to such confinement in the New Jersey State Hospital, the record shows that no affirmative action for his parole, as required by N.J.S.A. 2:192-1.11, was taken. The only action of the State Hospital authorities was his release by them to the New Jersey State Prison for completion of his Atlantic County sentence. And assuming further that the disregard by the State Hospital and State Prison authorities of the Somerset County sentence was an error, as undoubtedly was the case, the nonconfinement, through error, of a convicted criminal under a valid sentence is no excuse for his continued freedom. The defendant's lodgment in the State Prison under a sentence of confinement to the State Hospital was properly questioned by him, and that situation has now been corrected by the judgment of this court on the correction of his sentence recently made by the court. His argument is to the effect that since every judge, under L. 1938, c. 273, may send any defendant to an appropriate institution for examination, study and classification, such judge may also commit any offender after conviction, for specialized treatment, to an institution designated by the Commissioner of Institutions and Agencies, and that, therefore, the commitment in his case to the New Jersey State Hospital was correct. The argument is based on the allocation given in the Revised Statutes of L. 1949, c. 20, the so-called "Sex *202 Offender Law," namely N.J.S.A. 2:192-1.4 et seq., and under the same sub-title, as that given to L. 1938, c. 273, of N.J.S.A. 2:192-1.2, under which a judge may send a defendant for examination and classification. It is sufficient to point out that the Sex Offender Law is limited to certain offenders only and does not include those charged or convicted of an assault with intent to commit carnal abuse.
Statement is made by the defendant that the sentence by the court of this county in July of 1950, contemplating a maximum of 12 years, as to its including all counts of the indictment, for some of which a maximum of only three years could be imposed, was correct. This is so. Separate sentences for each offense named in separate counts of an indictment may, in certain cases, be imposed. State v. Byra, 129 N.J.L. 384 (E. & A. 1943); Byra v. State, 324 U.S. 884, 65 S.Ct. 1025, 89 L.Ed. 1434 (1945). But on a general conviction under a whole indictment, sentence for the highest offense charged is proper, although it exceeds punishment provided for an offense charged in another count. State v. Friedman, 98 N.J.L. 577 (E. & A. 1923); State v. Dunlap, 103 N.J.L. 209 (Sup. Ct. 1927); State v. Weeks, 3 N.J. Misc. 561 (Sup. Ct. 1925). This, however, is not a valid argument that the sentence imposed on this defendant in July of 1950 was correct otherwise.
The writ will be discharged and judgment entered accordingly.