32 N.J. Super. 161 (1954)
108 A.2d 17
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN JOSEPH FLOOD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered September 20, 1954.
Decided September 23, 1954.
*162 Mr. John Joseph Flood, appellant, pro se.
Mr. Leon Gerofsky, Somerset County Prosecutor, for the respondent (Mr. William E. Ozzard, Assistant County Prosecutor, on the brief).
*163 The opinion of the court was delivered by GOLDMANN, J.A.D.
Defendant applied to the Somerset County Court for a writ of habeas corpus on the ground of denial of due process in that he was not represented by counsel or advised of his right thereto when sentenced on July 14, 1950. The writ issued, counsel was assigned to represent Flood, and a hearing held. On April 2, 1954 an order was entered dismissing the petition and discharging the writ, for the reasons stated in the court's opinion in 30 N.J. Super. 196 (Cty. Ct. 1954). Defendant appeals.
Defendant complains that the County Court failed to afford him full protection by assigning counsel at the criminal trial, and that he was unable to make an intelligent waiver of his right to such counsel. An examination of the record shows that such right was fully explained and that he chose to proceed without an attorney and pleaded guilty. His responses were intelligent and showed a full awareness of the charges leveled against him. His waiver of counsel was given understandingly, intelligently, competently and voluntarily, in the exercise of his free choice. We agree with the County Court that the provisions of Rule 2:12-1(a) in effect at the time of the arraignment, were not violated. Cf. State v. Raicich, 30 N.J. Super. 316 (App. Div. 1954), involving a similar situation in the same court and with the same prosecutor.
Defendant's brief, insofar as the argument advanced therein is concerned, deals only with the question of deprivation of due process because of the absence of counsel. However, in his prefatory statement of the "question involved" he again appears to dispute the sentence imposed upon him. The background of that sentence is fully set forth in the opinion of the County Court, 30 N.J. Super. 196, and may be summarized here.
Defendant had been indicted on four counts by the Somerset County grand jury with having committed on May 6, 1949 (1) an assault with intent to commit carnal abuse on a female child under the age of 16; (2) attempted carnal abuse; (3) assault and battery; and (4) impairing the morals of *164 a child, the child being the same person named in the other three counts. On October 3, 1949 defendant, then confined in the New Jersey State Prison on a conviction from another county for a sex offense, wrote the Somerset County Prosecutor requesting information as to when he might appear to plead guilty to the indictment. He was returned to the Somerset County Court on March 28, 1950 and, after being informed as to his right to counsel and of the charges against him, entered a plea of guilty. The court then directed that he be examined at the State Diagnostic Center. Thereafter, on July 14, 1950, he was sentenced by the Somerset County Court to the New Jersey State Hospital for an indefinite term not to exceed 12 years.
On December 9, 1953 defendant served the Somerset County Prosecutor with a motion to correct illegal sentence. Following the hearing held December 22, 1953, the court forthwith entered its order declaring that the sentence it had imposed was not within the purview of the Sex Offender Act (N.J.S.A. 2:192-1.13 and 2:192-1.16) and vacated the same, sentencing defendant to serve a term of not less than 11 nor more than 12 years in the New Jersey State Prison, at hard labor. Defendant was allowed credit upon the corrected sentence for such time as he had served in the State Prison and in State Hospital since July 14, 1950, the date of the original sentence. Then came the habeas corpus proceedings and the order now under appeal.
The question as to the propriety of the corrected sentence, here indirectly presented without actually being argued in defendant's brief, was considered at length by the County Court in its cited opinion. We agree with its conclusions. The State Prison sentence which defendant is now serving was a proper one.
When defendant appeared before the County Court on March 28, 1950 and entered a general plea of guilty to the charges set out in the indictment, the court ordered a mental and physical examination on the mistaken assumption that the prisoner came within the provisions of N.J.S.A. 2:192-1.4 (L. 1949, c. 20, § 1). It is evident that when *165 the court, on July 14, 1950, committed defendant to the New Jersey State Hospital as a sex offender for a period not exceeding 12 years, it dealt with him on the charge contained in the first count of the indictment  assault with intent to commit carnal abuse on a female child under the age of 16. This is apparent from the fact that the three subsequent counts all called for sentences of considerably shorter terms, and further from the fact that such charges were contained within the crime encompassed by the first count.
The statute in effect at the time of the arraignment on March 28, 1950, was L. 1949, c. 20, commonly known as the Sex Offender Act. Section 1 thereof (N.J.S.A. 2:192-1.4) provided:
"Whenever a person is convicted of the offense of rape, sodomy, incest, lewdness, indecent exposure, uttering or exposing obscene literature or pictures, indecent communications to females of any nature whatsoever, or carnal abuse or of an attempt to commit any of the aforementioned offenses, the judge shall order a mental examination of such person prior to imposition of sentence."
This act was repealed by section 12 of L. 1950, c. 207, the revised Sex Offender Act. The 1950 statute became effective June 8, 1950, before defendant was sentenced. Section 1 of that act (N.J.S.A. 2:192-1.13) read:
"Whenever a person is convicted of the offense of rape, carnal abuse, sodomy or impairing the morals of a minor or of an attempt to commit any of the aforementioned offenses, the judge shall order the commitment of such person to the Diagnostic Center for a period not to exceed 60 days. While confined in the said Diagnostic Center, such person shall be given a complete physical and mental examination."
The County Court in its opinion, 30 N.J. Super. 196, at page 199, states that defendant was on July 14, 1950, under section 6 of L. 1949, c. 20 (N.J.S.A. 2:192-1.9), committed to the New Jersey State Hospital at Trenton, the institution designated by the Department of Institutions and Agencies, for treatment as a sex offender, for a period not greater than 12 years, which period was the maximum time to which defendant *166 might have been sentenced under R.S. 2:110-2 (now N.J.S. 2A:90-2). The reference to the 1949 act was probably inadvertent; as noted, that law was no longer in effect on the sentencing date, having been repealed by L. 1950, c. 207, § 12. Were it not for other considerations about to be mentioned, that commitment would have been a proper one under the then effective statute, L. 1950, c. 207, § 4 (N.J.S.A. 2:192-1.16).
However, examination of the first sections of the 1949 and 1950 statutes quoted above reveals that at the time of defendant's arraignment and plea, as well as at the time he was sentenced, the principal charge against him upon which he was sentenced did not come within the provisions of the Sex Offender Act. The County Court is entirely correct in stating that he should have been sentenced under the section of the criminal laws applicable to his situation, namely R.S. 2:110-2 (now N.J.S. 2A:90-2). It is, of course, fundamental to our jurisprudence that penal statutes are to be strictly construed. The omission from L. 1950, c. 207, § 1 (now N.J.S.A. 2:192-1.13) of the crime of assault with intent to commit carnal abuse made it error for the court to invoke the provisions of that statute in sentencing defendant.
That such an assault was not intended to come within the provisions of the Sex Offender Act is further made evident by examination of subsequent amendments of the law. L. 1951, c. 44, § 1, amended the first section of the 1950 act, N.J.S.A. 2:192-1.13. The only change effected was to add to the provisions of that section the crimes of open lewdness and incedent exposure. In the general revision of Titles 2 and 3 of the Revised Statutes, dealing with the administration of civil and criminal justice, N.J.S.A. 2:192-1.13 became N.J.S. 2A:164-3, but its wording remained identical with the amendment of 1951 (c. 44, § 1). It was not until this year that the crime committed by defendant, and for which he was sentenced, came within the provisions of the statute. By reason of L. 1954, c. 151, § 1, effective July 15, 1954, N.J.S. 2A:164-3 now reads as follows:
*167 "Whenever a person is convicted of the offense of rape, carnal abuse, sodomy, assault with intent to commit rape, carnal abuse or sodomy, open lewdness, indecent exposure or impairing the morals of a minor, or of an attempt to commit any of the aforementioned offenses, the judge shall order the commitment of such person to the diagnostic center for a period not to exceed 60 days. While confined in the said diagnostic center, such person shall be given a complete physical and mental examination." (Italics ours.)
Thus, it is crystal clear that the crime of assault with intent to commit carnal abuse was not until very recently intended to be treated as one for which psychiatric examination and treatment could be ordered by the court. The 1954 Legislature, recognizing its absence from the statute and apparently ascertaining a need to make specific provision therefor, has now included such crime within the provisions of the Sex Offender Act.
Defendant saw fit to attack the original sentence imposed confining him to the State Hospital. The Somerset County Court considered his petition for a correction of sentence under Rule 2:7-13 (now R.R. 3:7-13) to be a valid one. It promptly corrected the sentence, applying the provisions of R.S. 2:110-2, now N.J.S. 2A:90-2. Defendant's present confinement under the corrected sentence is valid, and no longer open to attack. Cf. State v. Weeks, 6 N.J. Super. 395 (App. Div. 1950).
Significantly, nowhere in the various proceedings before the Somerset County Court, or on appeal to this court, has defendant attempted to deny his complete guilt of the crime with which he is charged.
The order of the Somerset County Court dismissing defendant's petition, discharging the writ of habeas corpus and remanding him to the custody and under the restraint from which he was taken, is affirmed.