STATE OF MAINE
*vs.*
EARL NORTON

Kennebec.    Opinion, September 1, 1955.

*Lewis I. Naiman,*
*Joseph B. Campbell,* for State.

*Niehoff & Niehoff,*
*Bernard F. Cratty,* for respondent.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MR. JUSTICE TIRRELL sat at time of argument and took part in conferences, but died before writing of opinion.

TAPLEY, J. On exceptions and appeal. The respondent was indicted under provisions of Sec. 6 of Chap. 121 of R. S., 1944 (now Sec. 6 of Chap. 134 of R. S., 1954) for taking indecent liberties with his stepdaughter, she being of the age of fourteen years. He was tried at the June Term, 1954 of the Superior Court for the County of Kennebec. The jury returned a verdict of guilty. The respondent was sentenced to a term of two years in the Maine State Prison.

During the course of the trial the respondent took exceptions to the admission of testimony and to the refusal of the presiding justice to grant a mistrial.

The respondent seasonably filed a motion for a new trial, which motion was denied, whereupon an appeal to this denial was taken.

## Exception 1.

During the course of the trial the prosecutrix testified in behalf of the State and during the course of her direct examination she was asked the question:

"Q. Was this the first time your stepfather has done anything of this sort?"

whereupon the attorney for the respondent noted an objection. The record of the case speaks in the following language:

"Q. Was this the first time your step father has done anything of this sort?

Mr. NIEHOFF: I object.

Mr. CAMPBELL: If Your Honor please, I press this on the basis that any conduct of the complaint of the same nature prior to the event would be admissible evidence.

Mr. NIEHOFF: I object and state my grounds for objection. This is not the type of crime where intent is a part of it. It is malum prohibitum and therefore any testimony tending to show the commission of any other offense or the same or similar offense is inadmissible and we object on that ground.

Mr. CAMPBELL: If Your Honor please, I am referring to State vs. Berube, 139 Maine 11, holding the testimony of acts of the respondent of earlier happening than the offense charged in an indictment committed on the person named therein as the victim of the alleged crime is admissible to show the relationship between the parties.

The COURT: The question is admitted.

Mr. NIEHOFF: May I have an exception?

The COURT: You may. The Court read that case this morning."

Attorney for the respondent argues that an answer to the question is not admissible because the crime involved is not the type where intent is a part of the crime, while the prosecutor takes the position that an answer to the question is admissible to show the relationship between the parties.

In the Berube case respondent complained as to the admission of testimony that the female child named in the indictment was permitted to testify to previous acts of a similar nature to the offense charged. In the case of *State* v. *Berube,* 139 Me. 11, at page 14, the court said:

> "In the instant case we have no exception to the charge nor could one have been taken, since the testimony was admitted only for the purpose of showing the relationship between the parties, for which it was entirely proper."

*State* v. *Williams,* 76 Me. 480; 167 A. L. R., 621, 22 C. J. S., page 1161, Sec. 691 (u).

Exception overruled.

## EXCEPTION 2.

A girl fifteen years of age and a schoolmate of the prosecutrix testified for the State and during the course of her testimony she was asked by the State's attorney:

> "Q. Has he ever made any indecent advances to you?
> A. Yes, he has."

whereupon an objection was made by defense attorney, who said:

> "Mr. NIEHOFF: I want a ruling because if it is allowed I shall ask that it be stricken and the jury be instructed to disregard it."

The presiding justice sustained respondent's objection, ordered the question and answer stricken from the record and instructed the jury to disregard the question and the an-

swer. The jury was then excused and, in its absence, counsel for respondent moved for a mistrial. The motion was denied and to the denial of the motion the respondent took exceptions.

Concerning mistrials, in *State* v. *Hamilton,* 149 Me, 218, at page 234, the court said:

> "The ordering of a mistrial is discretionary with the Presiding Justice and no exceptions lie to his refusal unless that discretion is abused."

*State* v. *Rheaume,* 131 Me. 260, at page 261:

> "But beyond this it maybe advisable to point out that such a motion is addressed to the discretion of the presiding Justice - - - - -. He is in contact with actual conditions, and peculiarly qualified to render a decision. Unless there is a clear abuse of such discretion, no exceptions lie to his rulings."

The presiding justice when objection was made sustained it and caused the question and answer to be stricken from the record and promptly instructed the jury to disregard the question and the answer.

*McCann* v. *Twitchell,* 116 Me. 490, at page 493:

> "The great weight of authorities is in support of the rule that ordinarily the erroneous admission of improper evidence is cured, or so far cured as to be no longer a sufficient ground for a new trial, by being withdrawn or struck from the record and an instruction given to the jury to disregard it entirely."

*State* v. *Kingsbury,* 58 Me. 238; *State* v. *Thomas Fortin,* 106 Me. 382.

There appears from the record no abuse of discretion on the part of the trial judge.

The respondent takes nothing on this exception.

## EXCEPTION 3.

The State's attorney on cross-examination of the respondent examined as follows:

"Q. Have you ever been drunk in your home on week-ends?

A. No, sir.

Q. Have you ever abused your wife?

A. No, sir.

Q. Never gave her a black eye?

A. No.

Q. Has your wife ever had to call the police?"

Before this last question was answered, counsel for respondent interposed an objection, after which the last question "Has your wife ever had to call the police?" was withdrawn. Counsel for respondent then objected that the questions preceding the last one, having to do with being drunk on week ends, abusing wife and giving her a black eye, were "prejudicial, irrelevant and immaterial to this case." The court then stated "We will let the questions stand at this time, with the understanding if they do not appear relevant we will take it up again." The respondent excepted to this ruling of the court, thus bringing into issue the materiality and relevancy of the testimony. The respondent had previously testified that everybody in his household seemed to be happy and that none of them had ever complained to him. Subsequent to the testimony of the respondent, there is testimony by his wife that she and her husband, the respondent, had been drinking beer at the home; that she and her husband had an argument and that she had left the house; that Chief Grant had been required to go to the Norton home on several occasions because of Mr. Norton's drunkenness and, finally, in the statement made by the prosecutrix, which was admitted as an exhibit, she said that her mother was afraid because the respondent had threatened her mother's life.

The court's ruling was to the effect that if these questions did not appear to be relevant as the case developed, their admissibility would be reconsidered. No reconsideration was ever made so it is proper to assume that these questions and answers became relevant and material in the court's mind.

Relevancy and materiality of testimony rest in the sound discretion of the presiding justice.
*Rawley* v. *Palo Sales, Inc., et al.*, 144 Me. 375, at page 380:

> "Relevancy and materiality are dependent on probative value. Any evidence tending to prove a matter in issue is admissible within the judicial discretion of the presiding justice, unless it is excluded by some rule or principle of law."

*McCully* v. *Bessey*, 142 Me. 209.

It can be further said that according to the record, the respondent suffered no prejudice by the admission of these questions and answers. It is so well recognized that exceptions do not lie to admission of testimony unless it is prejudicial that it is unnecessary to cite any authority on this point.

There is no merit in this exception.

### EXCEPTION 4.

This exception is based on the refusal of the presiding justice to allow a motion for a mistrial. Counsel for the respondent contends that during the rebuttal argument of the State's attorney, he made a statement to the jury which was prejudicial to the rights of the respondent. The remarks complained of in argument were not recorded by the court reporter and we must depend upon the memory of counsel and the court as to what actually was said. Counsel for respondent contends that during this argument the State's attorney said to the jury: "If I had known he was going to

bring in character witnesses, I could have brought in many witnesses to show his bad character." Counsel for the State was not exactly sure of what he did say but the record discloses that at a conference in chambers State's attorney, upon objection by counsel for respondent during his rebuttal argument, continued with the statement to the effect that had the prosecutor known that respondent's good character was an issue in the case he would have endeavored to produce witnesses to attest to his character. The presiding justice in his charge to the jury obviously having in mind the alleged objectionable statement of State's attorney in his argument spoke to the jury in these words: "It sometimes happens in the course of conversation or remarks that we inadvertently say things that we should not, or make statements that convey the wrong impression. The county attorney in this case in the course of his argument, and here I will not attempt to quote his exact words but you will remember them and you will depend upon your memory, made some statement that indicated that if the State had known that the respondent was to present characer witnesses the State could have produced more character witnesses. This was later corrected by the State's attorney to indicate that he would have tried to locate more witnesses, or witnesses on that point. The court now instructs you that remark must be disregarded. The State has its one witness on this point, and any comment that would indicate the ability to produce any other witness must not be given any consideration."

88 C. J. S., page 306, Sec. 158 (b) :

> "The conduct of attorneys in the course of a trial is at all times subject to proper regulation by the presiding judge, who has a wide discretion in this regard. Thus, it is for the judge to determine, *in the exercise of his discretion*, whether counsel has transgressed the bounds of professional duty, and whether the misconduct, if any, is prejudicial, and

whether a mistrial should be granted." (emphasis ours).

88 C. J. S., page 391, Sec. 197:

"Misconduct is generally cured where the trial court, by prompt action, protects the rights of the complaining party; and, where the court instructs the jury in response to an objection to the argument, thereby doing, at least to a certain extent, what was asked, and the sufficiency of the instruction was not questioned, the correction is sufficient."

Objection was noted to a statement purported to have been made by the State's attorney to the jury which respondent claims was prejudicial to him. There was some attempt on the part of the State's attorney to satisfy the objection by another statement to the jury. The court clearly and in unmistakable phraseology instructed the jury to disregard the remark. The presiding justice overruled the motion for a mistrial and in so doing did not abuse his discretionary powers. *State* v. *Hamilton, supra; State* v. *Rheaume, supra.*

## APPEAL

The respondent, after verdict and before sentence, filed a motion that the verdict be set aside and a new trial granted. This motion was denied by the presiding justice and an appeal was filed to the denial. This case involves the taking of indecent liberties by the respondent. The victim is his stepdaughter who at the time was fourteen years of age. At the trial of the cause the stepdaughter testified and arrayed against her were the respondent and her own mother who both testified in substance that the act which formed the basis of the indictment never occurred. There is much testimony in the case on the part of the respondent and his wife endeavoring to show that prosecutrix was unruly, disobedient and difficult to discipline. The case was fully tried

and it may be assumed that all the available facts were presented for jury consideration. There is much conflicting testimony. It was for the jury to determine as a question of fact where the truth lies as between the State and the respondent.

*Levine* v. *Hamlin,* 129 Me. 106, at page 108:

> "Credibility of witnesses is to be appraised by the jury, who observe them as they testify."

There is sufficient evidence in the record upon which the jury could base a finding of guilt and this court under all the circumstances does not find that the verdict of the jury was in error.

*Exceptions overruled.*
*Appeal dismissed.*
*Motion for new trial denied.*
*Judgment for the State.*