37 N.J. Super. 1 (1955)
116 A.2d 721
STATE OF NEW JERSEY, RESPONDENT,
v.
MICHAEL PETRUCELLI, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered August 29, 1955.
Decided September 15, 1955.
*3 Before Judges GOLDMANN, EWART and TOMASULO.
Mr. H. Russell Morss, Jr., Union County Prosecutor, attorney for the State of New Jersey (Mr. John A. Lombardi, Special Assistant Counsel, on the brief).
Mr. Michael Petrucelli, pro se.
*4 The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant was convicted on January 5, 1955 for the offense of impairing the morals of a minor, and thereafter was sentenced to serve a term of not less than two nor more than three years in State Prison. He appeals in forma pauperis by leave of court, raising a number of points which we conclude are entirely without merit. We overlook his failure to comply with even the most fundamental requirements of the rules relating to appeals, particularly R.R. 1:6-1 and 1:7-1.
Defendant was indicted by the September 1954 term of the Union County grand jury for violation of N.J.S. 2A:96-3. On November 12, 1954 he appeared in the Union County Court for arraignment, without counsel, and entered a plea of not guilty. Judge McGrath fixed bail at $5,000 as recommended by the prosecutor and over defendant's objections, and assigned counsel to defend. On November 21, 1954 defendant, by letter in the form of an application for a writ of habeas corpus, applied to Assignment Judge Hughes for a reduction of bail. In denying the application, the assignment judge held that the bail was not excessive in light of defendant's long criminal record and the seriousness of the charge brought against him.
Because defendant refused to cooperate with him, assigned counsel sought the advice of the court. At the same time defendant again applied for reduction of bail. The matter was heard by Judge Hughes on November 29, 1954. The transcript of the hearing shows that defendant had refused to cooperate with counsel in preparing for trial, which was set down for December 6. The objection was that he was "not a criminal lawyer." The record establishes that assigned counsel was ready and willing at all times to undertake the defense of the case. The court again denied the application for reduction of bail, and in considering defendant's objections to counsel, stated that the court rules "have no purpose of pampering or consulting with defendants as to which particular counsel they would like to have." The court informed defendant that assigned counsel would represent him on *5 December 6 and that he could cooperate with him or not, as he chose.
Thereafter, assigned counsel on December 22, 1954 renewed defendant's application before Judge McGrath for a reduction of bail from $5,000 to $3,000, a sum which counsel represented defendant's brother assured him he could raise. As in the application before Judge Hughes, defendant's previous criminal record, his past violations of parole, and the serious nature of the current criminal charge were called to the court's attention. The application was again denied. In the course of this hearing defendant again expressed his dissatisfaction with the counsel assigned to him, and this despite his earlier statement to the court that "I think I have been well represented."
Defendant stood trial before County Judge Feller on January 4 and 5, 1955. When the case was called, the assigned counsel informed the court that defendant had continuously refused to cooperate with him in preparing the defense. Defendant then advised the court that he was relieving counsel of his assignment because he was not experienced in criminal law. Defendant claimed he was constitutionally entitled to be represented by competent counsel, did not want the assistance of assigned counsel, and would conduct his own defense. When the court directed counsel to sit beside defendant in case his assistance was wanted, defendant objected to his being present at counsel table. The court then directed the attorney to remove himself from the counsel table but to remain in court throughout the trial in order that he might be available should defendant change his mind and request his aid. Counsel did so. Defendant then proceeded to handle his own defense and cross-examined the State's witnesses. He did not take the stand  "to prevent mention of my prison record." The jury returned a verdict of guilty and, following sentence, defendant appealed.
From defendant's brief we determine there are two main grounds for appeal asserted and two additional minor points which defendant alleges constitute reversible error. The first two are: (1) excessive bail, and (2) denial of the right to *6 counsel; the last two: (3) prejudice of the jury by reason of a certain newspaper account of the trial, and (4) denial of defendant's right to witnesses.
The right to bail is guaranteed by Art. I, par. 11 of the New Jersey Constitution of 1947 which provides for bail in all cases except capital offenses. And see R.R. 3:9-1(a). Art. I, par. 12 provides that excessive bail shall not be required. The amount of bail is left to sound judicial discretion, depending upon the nature and circumstances of each case. In addition to the nature of the crime charged, the court has the right and duty to consider the quality of the defendant and such surrounding circumstances as may be necessary, including his previous criminal record. Cf. In re Stegman, 112 N.J. Eq. 72, 81 (Ch. 1932), decided under the former statute, R.S. 2:82-39. We agree with the judges who have heretofore considered the matter that the nature of the crime charged and defendant's extended criminal record, which includes convictions on morals charges (among them attempted rape), justified the amount of bail fixed. This court is not warranted in nullifying a trial court's exercise of judicial discretion in the absence of a showing that its action was clearly unreasonable. State v. Pometti, 23 N.J. Super. 516, 521 (App. Div. 1952), affirmed 12 N.J. 446 (1953).
The question of excessive bail is properly tested by a habeas corpus proceeding and, if necessary, an appeal from the denial of the writ. Defendant initially proceeded by way of habeas corpus to seek reduction of bail, but he failed to appeal from the denial thereof. He should not now be heard on the question of excessive bail after trial, sentence, and on appeal from his conviction.
We agree with the assignment judge when he said that defendant is trifling with the truth when he asserts in his notice of appeal that he "* * * was not represented by counsel at his trial and did not have the assistance of counsel."
The right of a defendant to be represented at his trial by counsel is governed by Art. I, par. 10, of the 1947 State Constitution, and his right to have counsel assigned *7 where he is indigent is dealt with in R.R. 1:12-9. State v. Ballard, 15 N.J. Super. 417 (App. Div. 1951), affirmed per curiam 9 N.J. 402 (1952). Defendant complains of the assignment made in his behalf on the ground that the attorney representing him was unsatisfactory in that he lacked experience in criminal matters. The selection was made in compliance with R.R. 1:12-9(e) from the alphabetical rotation list of the Union County Bar. Such a plan provides an incentive to counsel to perform efficiently. Beaney, The Right to Counsel in American Courts, 215 (1955). Defendant has failed to demonstrate wherein assigned counsel was inadequate, inexperienced or incompetent. The attorney in question has been a member of the bar of New Jersey since 1927. He had in the past, as court-assigned counsel, represented persons accused of crime, the last assignment being about two years prior to the instant case. The assignment judge considered him a competent and respectable practitioner. All the law requires is that an accused person who is unable to obtain counsel of his own be assigned a competent attorney who will actively represent him in preparing his defense. That was done here.
One further fact deserves mention in this connection. If his record is any gauge, defendant has an intimate and continuous acquaintance with our criminal courts. His statements at the several hearings in the County Court and in the informal brief handed up to this court show that he is far from unfamiliar with the procedural and substantive aspects of criminal law. By his own admission, he has made representations to the court on behalf of fellow prisoners at the State Prison. It would appear that he conducted his own case in an intelligent manner, and this by his own choice. Although the presumption is against a defendant in a criminal prosecution waiving his right to counsel, Zasada v. State, 19 N.J. Super. 589, 594 (App. Div. 1952), defendant clearly waived that right in this case. Cf. State v. LaSalle, 19 N.J. Super. 510 (App. Div. 1952), certiorari denied La Salle v. Carty, 344 U.S. 844, 73 S.Ct. 60, 97 L.Ed. 657 (1952).
We conclude that defendant was not deprived of his right *8 to counsel, in violation of our State Constitution or the due process clause of the Federal Constitution.
Defendant claims he was prejudiced by the publication of an account of the trial appearing in a Newark paper on the morning of January 5, 1955, the second day of the trial, which, besides giving defendant's name, age and address, described him as "an ex-convict." Defendant had asked the trial judge, prior to summation and out of the presence of the jury, for permission to determine whether the jury had read any newspaper account of the trial. This was denied. In his charge the judge, as requested by defendant, specifically directed the jury to disregard any newspaper account they might have read about the case.
We discern no prejudicial error. Cf. United States v. Pisano, 193 F.2d 355, 31 A.L.R.2d 409 (7 Cir., 1951); and see annotation, 31 A.L.R.2d 420. There is, of course, no proof that any member of the jury saw the article which appeared on the concluding day of the trial in a newspaper published in a nearby city. The article itself was not such as might inflame the mind of an average juror against defendant, and the charge of the court was sufficient protection against any possible prejudice to which defendant might have been exposed.
Finally, we deal with defendant's complaint that he was unable to contact witnesses necessary for his defense. There is no proof in substantiation. In view of the crime charged and the proofs adduced in support thereof, the only apparent defense was that of alibi. Defendant had months to prepare that defense, and assigned counsel was available to obtain such witnesses as might be required. It is fair to conclude that defendant's knowledge of criminal procedure was such that he himself could have used the power of subpoena to bring the witnesses into court.
The judgment of conviction is affirmed.