91 N.J. Super. 444 (1966)
221 A.2d 33
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH RAYMOND BERRIOS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 6, 1966.
Decided June 13, 1966.
*445 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Avron J. Wahl, Assigned Counsel, argued the cause for appellant.
Mr. Raymond S. Londa, Assistant Prosecutor, argued the cause for respondent (Mr. Leo Kaplowitz, Union County Prosecutor, attorney).
PER CURIAM.
This case involves the construction of certain sections of the so-called Sex Offenders Act, N.J.S. 2A:164-3 to 13. The pertinent sections will be referred to by section number.
In 1958 defendant was convicted of carnal abuse of a 14-year-old female. Pursuant to section 3, he was committed to the Diagnostic Center (hereafter Menlo) for examination. Section 3 states that "While confined to the said diagnostic center, such person shall be given a complete physical and mental examination." It is not necessary to decide what would constitute a "complete physical examination" because it is admitted that defendant was given only a superficial one. However, on the basis of the mental examination Menlo reported as follows:
"It is felt that this offense comes under the framework of the Sex Offender Act and a period of hospitalization would be the best choice at this point. Correctional handling is felt to be of little benefit for him because it is apparent that his emotional disturbance is responsible for his anti-social acts."
On the basis of this report defendant was committed to the State Hospital at Marlboro, under section 5.
In 1960 he was paroled pursuant to section 8. In 1962, while on parole, he raped a 26-year-old woman. He was convicted of this crime, and the conviction was affirmed. State v. Berrios, Docket No. A-218-63 (App. Div. 1965). Following this conviction he was again referred to Menlo. We do not have a copy of its report, but apparently this time Menlo *446 found defendant did not qualify for commitment to a hospital under section 5, for defendant was sentenced to a prison term which he is now serving.
The State Parole Board has advised defendant as follows:
"Reference is made to your communication of recent date. You ask to be informed as to the status of your case.
When you complete your maximum sentence on the term you are presently serving, you will revert to the unexpired portion of the time owed as a special sex offender on which parole was revoked on August 2, 1963. You will be scheduled to appear before this Board for parole consideration on that sentence when your case is referred to the Special Classification Review Board."
Defendant argues that his commitment to Marlboro was invalid because he was not given a "complete physical examination" as required by section 3. We find no merit in this contention. We hold that these words are directory, not mandatory. Menlo is not required to give any more thorough physical examination than is necessary as an incident of the "complete mental examination" required by section 3 and the "clinical findings that the offender's conduct was characterized by a pattern of repetitive, compulsive behavior" required by section 5.
However, our examination of the Menlo report on the basis of which defendant was committed to Marlboro in 1958 shows that it contains no finding, either express or by plain implication, that defendant's conduct "was characterized by a pattern of repetitive, compulsive behavior." Without such finding the trial court had no right to commit defendant to Marlboro. Consequently defendant did not violate his parole from that commitment.
From the foregoing it follows that defendant must be resentenced upon his 1958 conviction to an ordinary penal sentence, with proper credits for the time he has served. Cf. State v. Flood, 32 N.J. Super. 161, 164 (App. Div. 1954); State v. Minter, 55 N.J. Super. 562, 567 (App. Div. 1959).
So ordered.