**William H. REED**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Oct. 23, 1970.

Arnold L. Veague, Bangor, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., WEBBER, MARDEN, and WEATHERBEE, JJ.

PER CURIAM.

On review of the record in this case, it appearing that the "Findings and Judgment" filed by Williamson, C. J., (now retired), acting in the Superior Court, fully and accurately state the facts and apply the controlling principles of law, we adopt the same as the opinion of this Court.

"This cause came on for hearing on petition as amended for writ of post-conviction habeas corpus, answer, proof, and was argued by counsel. 14 M.R.S.A. § 5502 et seq. The petitioner was represented by court-appointed counsel.

"The petitioner is serving a life sentence at the State Prison for murder. He was convicted at the May 1965 Term of the Superior Court in Penobscot County. Following an appeal, judgment was entered in September 1967. See State v. Reed, (1967) 232 A.2d (Me.) 81.

"The petitioner contends that by reason of the contact of the presiding justice with the jury during the trial, the petitioner was thereby deprived of his constitutional rights to a fair trial by an impartial jury and of his liberties without due process. Sixth and Fourteenth Amendments to the United States Constitution.

"The witnesses before me included several of the jurors and court officers, and the presiding justice. Each witness testified to the incidents to the best of his memory. It is not surprising that four and a half years after the trial there were differences in the details. At no point, however, were the differences of significance in reaching the important facts, except with reference to the alleged entry into the jury room.

"I turn to a discussion of the allegations and proof and find and rule as follows:

"(a) During the trial the presiding justice did not, as alleged, enter the jury room in the absence of the attorneys for the State and petitioner and 'had some private communication with the trial jurors.' Two witnesses who testified in substance that the presiding justice entered the jury room and spoke about the restrictions governing their conduct during the trial were, in my judgment, mistaken. The record discloses that instructions for this purpose were given in open court. There was no evidence whatsoever of any private conference or communication with the jurors.

"(b) In the yard of the motel at which the jury and the presiding justice stayed during the trial, one of the jurors at a distance of five or not more than ten feet from the other jurors who were there in a group, talked with the presiding justice who was sitting in his automobile for not over five minutes. The conversation was not heard by others. There was, however, no talk whatsoever about the case. The conversation was chiefly directed to the condition of one of the jurors.

"(c) The presiding justice visited the recreation room provided for the jurors at the motel and there met socially with them one evening for a period of about one-half hour. The time may have been somewhat longer. Whether the presiding justice joined in a cribbage game is not in my

view material. There was no talk whatsoever about the case.

"(d) The presiding justice at no time made any remarks to any member of the jury as to the desires of the petitioner in the choosing of a jury.

"(e) The presiding justice subsequent to the conviction of murder did not leave the motel with any members of the jury.

"(f) Subsequent to the conviction of murder and on the same day on the invitation of the presiding justice four members of the jury visited with him socially in his private quarters at the motel.

"Paragraphs (a), (d), and (e) above present no legal issues. The facts do not bear out the allegations.

"With reference in (b) to the conversation with the juror, and in (c) to the social visit at the recreation room, I consider the applicable rule to be that prejudice will be presumed until rebutted.

'In reaching this conclusion we apply the principle that by a separation of the jury and a conversation with a third party by a juror, prejudice will be presumed until rebutted by the State.'

\*   \*   \*   \*   \*   \*

'A respondent is sufficiently protected if the State is compelled to rebut the adverse presumption by clear and convincing proof.' State v. Duguay (1962) 158 Me. 61, 67, 69, 178 A.2d 129; State v. Woods (1958) 154 Me. 102, 144 A.2d 259.

"In a murder trial the jury is kept together until a verdict is rendered, or a disagreement is accepted. The jurors are placed in custody of attending court officers. They live within a wall apart from contacts which might influence their verdict. The principles which in their operation guard against outside influences are applicable, in my opinion, with equal strength during the period of service of a jury in a murder case before as well as

during their deliberation in the jury room. The wall is not to be breached at any stage of their service.

"The conversation with the juror standing apart from the others, and the social visit in the recreation room (as well as the hospitality extended jurors after the discharge of the jury) were motivated by the friendly interest of the presiding justice. There is no evidence whatsoever to the contrary. The motive of the presiding justice, however, is not a factor in reaching a decision.

"The question is whether the presumption of prejudice from such contacts has been overcome by clear and convincing evidence. This I find to be the case.

"(f) The petitioner was not prejudiced by the social visit of members of the jury with the presiding justice at the close of the trial. The verdict had been returned and the jury discharged. Its work was done.

"In summary, I find and rule that there was no prejudice whatsoever to the petitioner created by the contacts of the presiding justice with the jury outside of the courtroom. The petitioner suffered no loss of his constitutional rights and is not entitled to a writ of habeas corpus.

"The clerk will enter judgment as follows:

Petition dismissed.

"Dated: November 11, 1969.

s/Robert B. Williamson
Chief Justice, Supreme Judicial Court"

The entry will accordingly be

Appeal denied.

POMEROY, J., did not sit.